(No. 16852.—Appellate Court reversed; circuit court affirmed.)
CARRIE A. MAGINNIS *vs.* EUGENE MAGINNIS, Plaintiff in
Error.—(CARRIE A. NILES, formerly Carrie A. Magin-
nis, Defendant in Error.)

*Opinion filed October 28, 1926.*

1. DIVORCE—*alimony is founded on legal duty to support wife.*
Alimony arises out of the marital relation and is founded on the
natural and legal duty of the husband to support the wife, and a
decree of divorce fixing alimony merely makes the general obli-
gation specific.

2. SAME—*when court retains jurisdiction to modify alimony.*
Where a decree of divorce awards a gross sum for or in lieu of
alimony the decree will be regarded as final, and the sum, when
paid, will operate as a discharge and satisfaction of all claim for
future support; but where the provision for alimony takes the
form of a periodic allowance, under section 18 of the Divorce act
the court retains jurisdiction and may subsequently modify or ab-
rogate the provision for alimony, and the court has power to de-
termine whether cause for abrogation of the alimony exists.

3. SAME—*general rule as to when provision for alimony may be
abrogated.* Whenever, for any cause, the alimony decreed becomes
unnecessary for the support of the wife, or when circumstances
transpire which make it inequitable that she should have a further
allowance, the court may absolve a divorced husband from the
burden imposed by the decree.

4. SAME—*subsequent marriage of wife is a sufficient cause for
abrogation of alimony.* The subsequent marriage of a wife who
has obtained a divorce is sufficient cause for suspending or abro-
gating further payments of alimony, as the law charges the second
husband with the duty of support, and the wife should not ordi-
narily be permitted to enjoy such right to support and to demand
alimony from her former husband at the same time.

5. SAME—*agreement as to alimony and insurance lose contract-
ual nature when incorporated in divorce decree.* An agreement as
to the payment of alimony and for insurance of the divorced hus-
band's life in favor of the wife, when adopted or incorporated in
the decree of divorce and not entered into to facilitate the divorce,
loses its contractural nature, and the court may, on petition of the
divorced husband, subsequently abrogate the provision requiring
the payment of alimony and the insurance premiums by him where
it appears that the wife has married again and the circumstances
indicate that the insurance was merely a part of the provision for
maintenance and support.

323—8

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS J. LYNCH, Judge, presiding.

FRANK B. TEED, and DANIEL RILEY McMASTER, for plaintiff in error.

MILLARD R. POWERS, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Carrie A. Maginnis filed her suit for divorce in the circuit court of Cook county against Eugene Maginnis, and on September 26, 1916, a decree of divorce on the ground of desertion was rendered. By the provisions of the decree the custody of Ninetta Helen Maginnis, a daughter eleven years of age, was awarded to the mother, and the defendant was ordered to pay the complainant for the support and maintenance of the daughter, and for the use of herself so long as she remained unmarried, $25 per week until the further order of the court. The defendant was further required to pay the premium accruing from time to time thereafter upon a policy of insurance on his life for not less than $5000, in which the complainant and the daughter should be named as beneficiaries. The complainant was awarded the household furniture, valued at $1000, and the defendant was directed to pay the solicitor's fees and costs. On January 17, 1917, the insurance policy was deposited in escrow with Charles F. Loesch, the defendant's solicitor, in accordance with a letter from the defendant, in which it was stated: "This policy is to be held by you for the benefit of my daughter and said Carrie Arnold Maginnis, and not to be surrendered except upon written order of myself and the two parties above named." The letter was afterwards signed by the complainant. Subsequently,

on December 10, 1919, the decree was modified by reducing the alimony. On January 25, 1924, the defendant filed his petition in the cause alleging that he had complied with the provisions of the decree in all respects until July 6, 1920, when the complainant married DeCoursey F. Niles; that the daughter became eighteen years of age on October 22, 1922, and that she resided with and was supported by her father. The prayer of the petition was that the provisions of the decree with reference to the payment of alimony and the insurance premium be declared no longer effective and that the defendant be released therefrom. The complainant filed an answer to the petition, in which she averred that the findings of the decree with respect to alimony and the insurance premium were the result of an agreement between the parties. A hearing was had on the petition, in support of which the defendant testified that the decree of divorce had not been agreed upon but was entered by the court pursuant to a consideration of the evidence adduced in open court; that the object of the provision requiring the payment of the insurance premium was to secure the payment of alimony, and that the insurance policy was deposited in escrow solely for the purpose of satisfying the complainant that it would not be misplaced or destroyed during the period in which alimony was to be paid. On February 15, 1924, the court found that the allegations of the petition with reference to the re-marriage of the complainant, the majority of the daughter and her support and maintenance by her father were true, and that the decree of divorce required the payment of the premium on the life insurance policy "as a security or protection for the payment of alimony to the complainant during the period in which she should remain unmarried." The decree was modified so as to release the defendant from the obligation thereafter to pay alimony and the premium on the life insurance policy. The complainant prayed an appeal from this order of modification to the Appellate Court for the First District. That

court found the order erroneous to the extent that it exempted the defendant from the payment of the life insurance premium, and accordingly reversed the order in that respect and remanded the cause for further proceedings consistent with its opinion. Upon a petition to this court by the complainant a writ of *certiorari* was awarded, and the record is here for a further review.

It appears that the plaintiff in error was a dentist, and in her bill for divorce the defendant in error alleged that her husband was possessed of personal property, consisting of household furniture and effects, of the probable value of $1000, and that he received from the practice of his profession about $3500 annually. No other allegation was made in the bill with reference to property owned or possessed or income derived by the husband, and it must be presumed that the value of his property and the extent of his income were stated at their maximum. At the time the decree was rendered the daughter was eleven years of age. It was the duty of the plaintiff in error to support his wife and daughter, and when the divorce was granted to the wife that obligation was specifically defined by the decree. The tangible property of the plaintiff in error, inconsiderable in value and yielding no income, was awarded to the defendant in error. The obligation to support was not discharged by the payment of a gross sum but was necessarily embodied in the decree as a continuing obligation, subject to modification or discharge by the court's order as changes in the circumstances of the parties might justify. If the plaintiff in error should die before the re-marriage of the defendant in error or the attainment of their daughter's majority the periodic payments of alimony would cease and they would be deprived of that means of support. Hence as a measure of protection, rather than as security for the payment of alimony, the provision requiring the plaintiff in error to pay the premium on the life insurance policy was incorporated in the decree.

The question arises, Is the plaintiff in error obliged to keep the policy in force after the re-marriage of his former wife and the time his daughter reached her majority? The plaintiff in error insists that his duty to support ended when the former married again and the latter became of age, and that the obligation to pay the insurance premium likewise terminated for the same reasons. The defendant in error, on the contrary, contends that the provision concerning the payment of the insurance premium was incorporated in the decree by the agreement of the parties, and that it is for that reason a continuing obligation, unaffected by her re-marriage or the daughter's majority, and necessarily irrevocable.

Alimony arises out of the marital relation and is founded on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific, as in the instant case, by the decree of a court of appropriate jurisdiction. (*Audubon* v. *Shufeldt*, 181 U. S. 575; *Barclay* v. *Barclay*, 184 Ill. 375.) Where the decree of divorce awards a sum in gross for or in lieu of alimony the decree wi'l be regarded as final, and the gross sum, when paid, will operate as a discharge and satisfaction of all claim for future support by the wife; (*Smith* v. *Johnson*, 321 Ill. 134;) but where the provision for alimony in the decree takes the form of a periodic allowance, section 18 of the Divorce act (Cahill's Stat. 1925, p. 935,) expressly provides that "the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper." The power to make such modifications is not exhausted by the entry of the original order fixing the amount, but under the statute is a continuing power to modify the provisions of the decree in that respect at any time, according to the varying needs and circumstances of the parties. (*Cole* v. *Cole*, 142 Ill. 19.) Nor is an express reservation of the

power in the decree necessary, for the power exists and may be exercised whether so reserved or not.

The statute fails to specify the causes for which a divorced husband may be relieved from the payment of alimony. In the absence of legislation on the subject the question must be determined by the courts. It may be stated generally that whenever, for any cause, the alimony decreed becomes unnecessary for the support of the former wife, or when circumstances arise which make it inequitable that she should have a further allowance, it is proper for the court to absolve the divorced husband from the burden imposed by the decree. The subsequent marriage of the divorced wife is usually deemed a sufficient cause for suspending or abrogating further payments of alimony. The law charges the second husband with the duty of supporting her, and it would ordinarily be unreasonable to permit her to enjoy that right and to demand alimony from her former husband at the same time. (*Stillman* v. *Stillman,* 99 Ill. 196; *Southworth* v. *Treadwell,* 168 Mass. 511.) The statute vests ample power in the court which rendered the decree of divorce and awarded alimony to determine whether cause for the abrogation of alimony exists. *Stillman* v. *Stillman, supra.*

The fact that the provision for the payment of alimony and the insurance premium was incorporated in the decree by the agreement of the parties does not destroy, or even affect, the power of the court to alter that provision when a change of circumstances justifies a modification. (*Herrick* v. *Herrick,* 319 Ill. 146; *Southworth* v. *Treadwell, supra; Camp* v. *Camp,* 158 Mich. 221; *Lally* v. *Lally,* 152 Wis. 56.) The adoption of the agreement by the court does not change the situation. The court is not controlled by the agreement respecting alimony, and may adopt or reject it as seems proper and consistent from the situation of the parties as disclosed by the evidence. (*Warren* v. *Warren,* 116 Minn. 458.) Agreements of that character,

when not entered into for the purpose of facilitating a divorce, become merged in the decree and lose their contractual nature, to the extent, at least, that the court has the power to modify the decree, upon the application of either party, when a modification is justified by altered circumstances. (*Herrick* v. *Herrick, supra; Camp* v. *Camp, supra; Belding* v. *Huttenlocher,* 177 Iowa, 440.) When this suit was instituted section 18 of the Divorce act expressly authorized a modification in the allowance of alimony under proper circumstances, and the agreement of the parties with reference to alimony and the insurance premium must be deemed to have been made in view of that statute, which by implication became a part of the decree. After the decree was rendered the rights of the parties rested upon it and not upon their agreement. *Herrick* v. *Herrick, supra.*

The defendant in error argues that there is no basis for the circuit court's finding that the policy constituted "a security or protection for the payment of alimony." Obviously, the benefits of the policy could not be invoked upon default in the payment of alimony, but the defendant in error and the daughter could avail themselves of its proceeds in the event the plaintiff in error died while it was his duty to support them. That obligation had ceased when the order of February 15, 1924, was entered. The decree did not direct the delivery of the policy to the defendant in error or make any provision concerning its custody but merely required the plaintiff in error to pay the premium as it accrued. The fact that the policy was deposited with the solicitor for the plaintiff in error about four months after the decree was rendered is a circumstance of little, if any, weight, for the policy was not surrendered unconditionally. If at the time of the rendition of the decree it had been the purpose to make the defendant in error the beneficiary irrevocably, despite her subsequent marriage or

other change of situation, the policy would not have been retained by the divorced husband. The daughter is of age, resides with and is supported by the plaintiff in error and makes no claim to the policy. Under all the facts and circumstances shown by the record we are convinced that the requirement to pay the insurance premium was part and parcel of the provision for maintenance and that the order of the circuit court was correct.

The judgment of the Appellate Court is reversed and the order of the circuit court is affirmed.

*Judgment of Appellate Court reversed.*
*Order of circuit court affirmed.*