(No. 23439.—

MARIE DE LA COUR, Appellant, *vs.* JOSEPH DE LA COUR, Appellee.

*Opinion filed June 10, 1936.*

LOUIS GREENBERG, and MAYER GOLDBERG, for appellant.

TEED, KAMMERMANN & JOHNSON, (HUGH E. JOHNSON, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

By a decree entered by the circuit court of Cook county on May 28, 1935, Marie De La Cour was granted a divorce from Joseph De La Cour on the ground of desertion. The decree provided, among other things, that the defendant pay to the plaintiff the sum of $3000 in monthly installments of $50, the first payment to be made on the day of the entry of the decree, and future installments on the 28th day of each month thereafter until the amount should be fully paid. On October 9, 1935, the defendant served notice by mail upon the plaintiff that on October 11 he would present a petition, a copy of which was attached, to the circuit court seeking the entry of an order (1) finding that he had complied with the provisions of the decree, and, in particular, had made all alimony payments, to and including the installment due September 28, 1935; (2) restraining the plaintiff from molesting and interfering with his personal liberty, and, particularly, from calling him over the telephone; and (3) enjoining her from communicating with his employer in connection with his business and personal affairs. The chancellor heard evidence, and on October 16, 1935, entered an order that the divorce decree, to

the extent it provided for payments of alimony in install-ments, be satisfied of record, to and including the payment due on September 28, 1935, with a credit of $10 to be ap-plied on the next installment, and granted the relief sought by the defendant. The order expressly recited that the plaintiff had received due notice of the proceeding.

Although it affirmatively appears that notice of the de-fendant's petition seeking equitable relief to enable him to continue to satisfy the alimony provisions of the divorce decree was served upon the plaintiff conformably to Rule 7 of this court and within the time prescribed by the rules of the trial court, she has prosecuted this appeal to obtain a reversal of the supplementary decree on the ground that it is void. She makes the contention that the order was entered without due process of law, in contravention of section 2 of article 2 of the constitution of this State, and also of section 33 of article 6, which commands that "all process shall run: *In the name of the People of the State of Illinois.*" No other ground for our jurisdiction is asserted.

The plaintiff's contention rests upon the erroneous premise that the order assailed was entered after the ren-dition of final judgment and the lapse of the term, and, hence, void. Section 18 of the Divorce act (Ill. State Bar Stat. 1935, p. 1274; Smith's Stat. 1935, p. 1259;) provides that where the provision for alimony and maintenance in a decree of divorce takes the form of a periodic allowance, the court may, on application, from time to time, make rea-sonable and proper alterations in the allowance. The power to make these modifications is not exhausted by the entry of the original order fixing the amount, but under the stat-ute is a continuing power to modify the provisions of the decree at a term subsequent to the one at which the decree for divorce and alimony was entered. *Maginnis* v. *Magin-nis,* 323 Ill. 113; *Bobowski* v. *Bobowski,* 242 id. 524; *Welty* v. *Welty,* 195 id. 335; *Cole* v. *Cole,* 142 id. 19.) An

express reservation of the power in the decree is unnecessary, for the power exists and may be exercised irrespective of whether so reserved. *Maginnis* v. *Maginnis, supra.*

The decree of divorce obtained by the plaintiff directed the defendant to pay alimony in monthly installments over a period of five years. The trial court had jurisdiction of the subject matter, the particular proceeding, and the parties to it. The plaintiff does not claim that she failed to receive the requisite notice of the supplementary proceeding initiated by the defendant. So far as the record shows she did not challenge the sufficiency of the notice and interposed no defense to the petition. Manifestly, the court was vested with jurisdiction to entertain the petition and to enter the order which the plaintiff now attacks. The judgment of a court which has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, even though erroneous, does not deprive the unsuccessful litigant of the benefit of the guaranty of due process of law. (*City of Chicago* v. *Peterson,* 360 Ill. 177; *Genslinger* v. *New Illinois Athletic Club,* 332 id. 316.) A constitutional question is not involved, so as to give this court jurisdiction of a direct appeal where the judgment or decree is assailed on the ground that its enforcement will deprive the person against whom enforcement is sought of his property without due process of law. (*Genslinger* v. *New Illinois Athletic Club, supra; Paul* v. *Paul,* 278 Ill. 196.) The question in such case is the validity of the judgment or decree and not the constitutional question. *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

The law requires that an appeal from the order of which the plaintiff complains shall be prosecuted to the Appellate Court for the First District, and not to this court. No question, however, other than the constitutional objection is presented for decision. Under these circumstances no useful purpose can be served by transferring the cause to the Appellate Court. The appeal will accordingly be dismissed.

*Appeal dismissed.*