(No. 30175.—)

WILLIAM LURIE, Appellant, *vs.* WEST TOWN STATE BANK
*et al.,* Appellees.

*Opinion filed November 20, 1947.*

AARON SOBLE, (JEROME S. KLEIN, of counsel,) both
of Chicago, for appellant.

JOHN C. DEWOLFE, and ROBERT E. DOWLING, (JOHN
C. DEWOLFE, JR., and RICHARD LEFEBURE, of counsel,)
all of Chicago, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a proceeding arising out of a bank stockholders'
liability suit. On June 10, 1946, Thomas B. Roberts, re-
ceiver, presented his final report to the superior court of
Cook County, for approval. The report listed collections
and disbursements made by him and the balance on hand,
and also stated that he held twenty-two unsatisfied judg-
ments against stockholders, ten of which had been revived,

totalling $9834.18. The remaining twelve had not been revived. The record shows that four of the judgment debtors were dead and had left no estates, and the other eight were in bankruptcy. The receiver prayed that the court declare these judgments worthless and allow him to close his receivership account, and also asked leave to file with the clerk of the court, as desperate assets, three stock certificates which he had received as settlement from stockholders and which he believed to be worthless.

After a hearing the trial court, with the approval of the complainants who are representative creditors of the defunct bank, entered an order authorizing and directing the receiver to sell and assign the three stock certificates and the twenty-two judgments to Frank N. Reed, together with all dividends due to judgment debtors thereon from the receiver of the bank or the Auditor of Public Accounts. The consideration was $100. Reed was to satisfy the judgments as of the date of sale, except as to the dividends. On June 19, 1946, the order of June 10 was amended by adding the following to the portion which referred to the sale to Reed: "such satisfaction [of the judgments] to be by covenant to refrain from seeking personal recovery against the respective judgment debtors, recovery to be made (if any) from dividends only."

On June 28, 1946, S. C. Lurie, as next friend of appellant, William Lurie, a minor, filed his petition as a creditor of the bank, seeking to set aside the sale to Reed on the ground that the sale had been made without publication or posting of notice; that the consideration was inadequate and that the sale deprived creditors of the bank from realizing the maximum amount that could be recovered by the sale of stockholder judgments. The petitioner further stated that he was willing to bid $500 for the judgments at public sale. The receiver, and the complainants in the stockholders' liability case, filed their answers to the petition, to which appellant replied. On hearing,

the trial court denied the petition. Appellant seeks to have this court review that order on direct appeal on the theory that the validity of section 11 of the Banking Act (Ill. Rev. Stat. 1945, chap. 16½, par. 11,) is involved. He argues that the construction placed by the trial court on section 11 renders it void as in violation of section 6 of article XI of the Illinois constitution. He also contends that the order of the trial court deprives him of property without due process of law in contravention of both the State and Federal constitutions.

We are unable to agree with counsel for appellant that the validity of section 11 of the Banking Act is involved. His arguments in that respect are predicated on his assumption that the sale of the assets here for $100 and under the terms of the court order, constitutes an abandonment of the assets. This court held, in the case of *Decker* v. *Domoney*, 387 Ill. 524, that courts of equity have jurisdiction of representative actions to enforce the constitutional liability of stockholders, and to determine such questions as arise preliminary to and in fixing the liability of the several stockholders, and that in so doing the court is in the exercise of its general equity jurisdiction, which general powers were in no way abridged by section 11 of the Banking Act. It was accordingly in that case held that the trial court may order the sale of uncollected judgments if it finds more could be realized through such sale than through the processes of execution. It was pointed out that there is nothing in the constitutional provision imposing bank stockholders' liability which took from a judgment against a stockholder its characteristic of assignability. The power of a court of equity to direct the sale of such judgments is thus firmly established. Appellant by this direct appeal now asks that we determine whether, in the face of section 11, a court of equity has power to abandon such judgments. Whether the sale here constituted an abandonment of the judgments is a matter of fact.

The court had jurisdiction of the parties and the subject matter and, under the holding in the *Domoney case,* neither the validity nor the construction of section 11 is involved, but rather the question whether the trial court abused its discretion in approving the sale. Such an issue is not one of which this court may take jurisdiction on direct appeal.

As to appellant's contention that the order of the trial court deprives him of property without due process of law, it has frequently been held that an erroneous judgment or decree of a court of record which has jurisdiction of the parties and power to render the particular judgment or decree does not deny to the unsuccessful party due process of law, and a direct appeal will not lie to this court in such case. The question in such case is the validity of the judgment or decree. *People ex rel. Tinkoff* v. *Northwestern University,* 396 Ill. 233; *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *De La Cour* v. *De La Cour,* 363 Ill. 545.

This court is without jurisdiction to review the order on direct appeal. The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*