Josephine Stevens et al., William Lurie by S. C. Lurie, Appellants, v. West Town State Bank, Appellees.

Gen. No. 44,350.

Opinion filed February 25, 1948. Released for publication March 25, 1948.

AARON SOBLE, of Chicago, for appellant; JEROME S. KLEIN, of Chicago, of counsel.

JOHN C. DEWOLFE and ROBERT E. DOWLING, both of Chicago, for appellees; JOHN C. DEWOLFE, JR. and RICHARD LEFEBURE, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On June 10, 1931, the West Town State Bank was closed by the Auditor of Public Accounts, who appointed a liquidating receiver. It has not been reopened. On August 6, 1931, the superior court of Cook county appointed Thomas B. Roberts receiver for the purpose of collecting the amounts found to be due and owing by the stockholders under their constitutional liability and he qualified. On June 10, 1946, this receiver presented his final report and account for approval. He listed collections and disbursements and

the balance on hand, and stated that he had three certificates of stock in different corporations, which were delivered to him by debtors in connection with settlements of judgments, which certificates he believed to be worthless. He also stated that he held 22 unsatisfied judgments against stockholders, 10 of which had been revived; that these 10 total the sum of $9,834.18; that the remaining 12 judgments had not been revived; and that all these judgments were uncollectable. He prayed that an order be entered approving his final account and report, allowing him to abandon the uncollected judgments and to deposit with the clerk as "desperate assets" the three stock certificates, and for other orders incidental to the closing of the receivership account. An amended order approved the final account and, among other things, directed that the receiver sell, assign and deliver to Frank N. Reed the three stock certificates and the receiver's right, title and interest in the 22 uncollected judgments, together with all dividends due to the judgment debtors from the bank receiver and the Auditor of Public Accounts for a consideration of $100, the transfer to be completed within five days provided "Reed satisfied said judgments at date of sale except as to dividends, such satisfaction to be by covenant to refrain from seeking personal recovery against the respective judgment debtors, recovery to be made (if any) from dividends only."

Subsequently, William Lurie, a minor, by S. C. Lurie, his next friend, filed a petition as a creditor of the bank seeking to set aside the sale to Reed on the ground that it was made without publication or posting of notice; that the consideration was inadequate; and that the sale deprived creditors of the opportunity of realizing the maximum amount by the sale of the judgments. Petitioner further stated that at a public sale he was willing to bid $500 for the judgments. The receiver and the complainants in the stockholders' lia-

bility case filed their answers, to which Lurie replied. On a hearing the trial court denied the petition. Petitioner appealed to the Supreme Court, where he argued that the construction placed on sec. 11 of the Banking Act renders it void as in violation of sec. 6 of article XI of the Illinois constitution, and that the order deprives him of property without due process of law in contravention of both the State and Federal constitutions. The Supreme Court in an opinion filed November 20, 1947 (398 Ill. 278) held that it was without jurisdiction to review the order on direct appeal and transferred the case to this court.

That court stated that the validity of sec. 11 of the Banking Act was not involved, that appellant was not denied due process of law, and that the question presented is whether the trial court abused its discretion in approving the sale. We turn to a consideration of that proposition. The final account shows that the receiver collected $295,115.94 and disbursed $286,409.70, which disbursements included $194,482.36 paid to the liquidation receiver for distribution to the creditors of the defunct bank, and that he had on hand $8,706.24. He also reported that he had 22 unpaid and unsatisfied judgments against stockholders; that 10 of the judgments had been revived and amounted to $9,834.18; and that 12 of the judgments had not been revived. The record shows that of the 12 judgments not revived, four of the judgment debtors had been dead for a number of years and left no estate, and that the other eight were discharged in bankruptcy after having scheduled the judgments as debts. The record shows that due effort was made to collect the 22 judgments and that these judgments were admittedly worthless and uncollectable by the receiver by ordinary means.

Mr. Reed purchased the three stock certificates and the 22 uncollected judgments for $100. As an integral part of the transaction the court required him to satisfy the judgments except as to the dividends. This

was a sale of the stock certificates and the judgments. The petitioner guaranteed that if the sale were opened up he would bid $500 for the judgments. The receivership estate would receive an additional $400, out of which it would be required to pay the cost of making the sale with further administrative expenses and attorney's fees. This additional amount, when divided among 14,000 or 15,000 creditors of the bank would be infinitesimal. We are satisfied that in entering the order the chancellor exercised a sound discretion. The order of the superior court of Cook county is affirmed.

*Order affirmed.*

LEWE, P. J., and KILEY, J., concur.