**Emma Larson, Plaintiff-Appellant, v. Alton R. Larson, Defendant-Appellee.**

**Gen. No. 11,211.**

Second District, Second Division.

April 17, 1959.

Released for publication May 5, 1959.

Berry & O'Conor, of Streator, and Joseph D. Carr, of Ottawa, for Emma Larson, plaintiff-appellant.

Jack Trager, of Ottawa, and George L. Herbolsheimer, of La Salle, and Kenneth S. Carlston, of Urbana, for Alton R. Larson, defendant-appellee.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of LaSalle County increasing from $100 to 140 per month support or alimony payments to be made by the defendant to the plaintiff. Previously, in April of 1952, the plaintiff had obtained a decree of divorce from defendant, which contained no provisions as to alimony, but approved a property settlement agreement which had been entered into between the parties on the same date the divorce decree was entered.

The property settlement agreement contained many provisions which indicated it was to be a complete settlement of property rights by the parties. It provided, in part, that defendant was to pay to the plaintiff the sum of $7,500 on the date of the decree and a sum of $5,000 within twenty months thereafter; that defendant was to convey to plaintiff title to the residence property and the latter was to retain the household goods; that defendant was to pay to plaintiff the sum of $50 per month for the support of each of their minor children, to pay medical and dental care, clothing expenses and to maintain an educational insurance policy. The provisions of the agreement which are now

in dispute and which this court has been called upon to interpret in substance provided the following:

The husband agrees to convey to his wife an undivided one-half interest in a two-story business building at 227–229 West Main Street, Ottawa, Illinois. Concurrently therewith she is to assign to him all of the rent and income from this business building, and the right to rent and manage it.

The husband agrees to pay the wife $100 a month for her support and maintenance for and during her lifetime, or until she remarries, or until the further order of the Circuit Court of LaSalle County, Illinois. It is recited that this is in consideration of her assignment to him of the rentals and right to manage the business building located at 227–229 West Main Street, Ottawa, Illinois.

The parties agree not to sell the business property without the consent of both. If both fail to agree to sell the property then either may apply to the Circuit Court for an Order of Sale, and the proceeds of the sale are to be divided between them.

In the divorce decree the trial court made the following findings of fact in relation to the property settlement agreement:

"The court further finds that the parties hereto have entered into a property settlement agreement which has been admitted in evidence in this cause; that each of the parties hereto have been fully advised by their respective counsel as to their property rights; that said property settlement agreement so entered into between the parties hereto, as aforesaid, is in all respects fair and equitable and should be approved;"

In the second ordering clause of the decree with reference to the property settlement agreement, the court decreed the following:

"It is further ordered, adjudged and decreed by the court that said property settlement agreement,

267

heretofore entered into between the parties hereto be, and the same is hereby approved, and that certain provisions thereof be and they are hereby made a lien against certain of said defendant's property in accordance with said property settlement agreement, heretofore entered into by and between the parties hereto."

In the instant case, the trial court after a hearing on petition for increase in payments for support and maintenance entered its order increasing the amount of support payments to $140 per month and held that the original payments in the amount of $100 per month provided for in the property settlement agreement were in consideration of plaintiff releasing her rights to the business property, and were strictly limited to the net rentals received from the business property, and further held and ordered that the payments of $140 per month were to be paid from the net rentals from said business property commencing on the 18th day of April, 1958, and continuing each and every month thereafter until the death of the plaintiff, or her remarriage, or the sale of said real estate or until the further order of the court.

On the hearing the trial court refused to hear any evidence concerning any change in circumstances or conditions of the parties since the entry of the original divorce decree or to hear any evidence about defendant's other property or income, but limited the evidence and its consideration to the income from the business property.

Plaintiff contends that the trial court erred in limiting her right to receive support payments or alimony from the defendant to the net rentals received from the business property, and in refusing to admit evidence in regard to any changed conditions and circumstances since the entry of the original divorce decree.

Defendant argues that the property settlement agreement was in full settlement and satisfaction of all

claims for alimony and that in fact no provision was made for alimony payments in the divorce decree, and further contends that said property settlement agreement limited the plaintiff's right to receive support money to the net rentals received from the business property.

■■ The Divorce Act, Chap. 40, Par. 19, Ill. Rev. Stats. provides that the court may on application from time to time make such alterations in the allowance of alimony as shall appear reasonable and proper. Any agreement entered into for alimony must be deemed to have been entered into in view of this statute, and makes the statute a part of the agreement by implication. The fact that the provision for the support and maintenance of the wife is incorporated in the decree by agreement of the parties adds nothing to the force of the decree and does not affect the power of the court to enter further orders respecting alimony. Herrick v. Herrick, 319 Ill. 146; Walter v. Walter, 189 Ill. App. 345.

■■ The court in entering its decree for alimony may adopt or reject the agreement of the parties and after the decree incorporates an agreement of the parties the rights of the parties rest upon the decree rather than upon the agreement. Adler v. Adler, 373 Ill. 361; Herrick v. Herrick, supra.

The decree in the instant case does not recite the terms of the agreement or any provisions thereof, but in its findings the court specifically states that the property settlement agreement had been admitted in evidence and was in all respects fair, equitable and should be approved. In the ordering portion the court decreed that the property settlement agreement was approved and that certain provisions thereof constituted a lien upon certain of defendant's property. There can be no question that the trial court in the original divorce action by finding the agreement

269

fair and equitable, in admitting it in evidence and in decreeing that it was approved, incorporated by reference the entire agreement into the divorce decree.

■ The original divorce decree contained no provisions for child custody and support, no provisions for transfer of property or payment of alimony in gross or in future installments. This in itself is clear evidence that the court intended, by approving the property settlement agreement admitted in evidence, that it be incorporated by reference *haec verba* into the divorce decree. In Banck v. Banck, 322 Ill. App. 369, it was stated that reference in the decree to the terms of the settlement agreement and the approvement thereof by the court was tantamount to an incorporation of the agreement into the decree. When the court entered its decree for divorce and expressly approved the settlement agreement, it thereby incorporated into its decree the provisions of the agreement as to alimony. The rights of the parties thereafter rested upon the decree and it is subject to modification by the court pursuant to applicable provision of the Divorce Act.

■ The next question presented is whether the parties by their property settlement agreement limited the right of the plaintiff to receive the support payments of $100 per month to the net income from the business property. The property settlement agreement was very comprehensive and explicit in its terms and did not limit the payment of alimony or support money to the net rentals received from the business property. Had this been the intention of the parties, it would have been very simple for the drafters of the agreement to have so stated and from a reading of the entire agreement it is obvious that no such provision was contained therein. It is also very reasonable to assume that such a construction of the agreement was not the intention of the parties since the building could be destroyed, sold or not be rented, in which case the

plaintiff would not have any source to receive the alimony payments from. The agreement clearly states that the husband agrees to pay the wife $100 per month for her support and maintenance for and during her lifetime, or until she remarries or until the further order of the Circuit Court of LaSalle County, Illinois, and there is nothing in the agreement which limits the wife's right to receive the support money to the net rentals received from the business property here in question or any other property.

■ The power to make modifications in the allowance of alimony under the Divorce Act is not exhausted by the entry of the original decree fixing alimony, but it is a continuing power to be exercised in accordance with the needs and circumstances of the parties, De La Cour v. De La Cour, 363 Ill. 545, 2 N.E.2d 896, and it needs no reservation of the power in the divorce decree to permit its exercise, Maginnis v. Maginnis, 323 Ill. 113, 153 N. E. 654. In the instant case, however, there was a specific provision that the alimony payments for the support and maintenance of the plaintiff were to continue for her life or until remarriage or "until the further order of the court."

■ The court has power to modify the alimony award whenever substantial changes in the conditions and circumstances of the parties render modification necessary, Garrett v. Garrett, 252 Ill. 318, 96 N. E. 882; Evar v. Evar, 330 Ill. App. 247, 70 N.E.2d 422. Such award cannot be altered unless it is shown that the conditions and circumstances of the parties have changed materially since the decree was rendered, Smith v. Smith, 334 Ill. 370, 166 N. E. 85; Buehler v. Buehler, 329 Ill. App. 239, 67 N.E.2d 708.

We conclude that the trial court was in error in decreeing that plaintiff's right to receive support payments from the defendant is strictly limited to the net rentals from the business property, and that the court

271

erred in limiting the testimony at the hearing on the petition for increase of payments for support and maintenance to the question of net rentals from the business property and refusing to hear any evidence as to any change in circumstances and conditions since the entry of the original divorce decree, and further erred in limiting and restricting the payment of $140 per month which was ordered to the net rentals received from the business property and ordering that said payments terminate on the sale of said property.

For the reasons herein stated, the order and decree of the Circuit Court of LaSalle County is reversed with directions to eliminate from said decree and order all provisions limiting the right of the plaintiff to receive payments from the defendant for her support to the net rentals from the business property in question and to eliminate all provisions terminating said payments on the sale of said real estate. The court is directed to determine from the evidence heretofore taken and from any additional evidence that may be submitted on the question of changed conditions and circumstances and fix the reasonable amount to be paid by the defendant to the plaintiff for her support and maintenance on the basis of any changed conditions and circumstances since the entry of the original divorce decree.

Reversed and remanded with directions.

CROW and SOLFISBURG, JJ., concur.