Jean McDougall Page, Plaintiff-Appellee, v. Robert C. Page, Defendant-Appellant.

Gen. No. 48,353.

First District, Second Division.

October 24, 1961.

■■■■■■■

Hoffman & Davis, of Chicago, for appellant.

Hough, Young & Coale, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

Jean McDougall and Robert C. Page were married at Washington, D. C., on June 30, 1943, and lived together until February 21, 1948. No children were born to them or adopted by them. On January 25, 1951, a noncontested decree dissolving the bonds of matrimony on the ground of desertion by him was entered. The court approved a property settlement agreement made a part of the decree wherein he promised to pay her yearly alimony of $6,325 in equal monthly installments until her remarriage or death. The agreement further obligated him to continue in effect not less than $30,000 of life insurance on his life for her benefit until her remarriage or death.

At the time of the divorce defendant was a licensed physician employed by the Standard Oil Company of New Jersey as its general medical officer, an administrative post, and received $37,233.39 salary for the year 1951. He continued in that position until June 21, 1954, when his employment was terminated. From then to the present time he has been unemployed. Defendant testified in a deposition that in 1956 he was hemorrhaging which was accompanied by a duodenal obstruction, and was operated on for a partial gastrectomy; that as a result of this operation his activities were restricted; and that he has been unable to find gainful employment. His income for 1954 from Standard Oil was $42,885.85, and including dividends a total of $43,335.13; for 1955 from Standard Oil $13,657.39 and with dividends and other sources a total of $32,450.93; for 1956, $43,267.86; for 1957, $41,157.69; for 1958, $30,617.82; for 1959,

424

$8,938.47, and his estimated income for 1960, $8,740.55. Subsequent to his termination by Standard, defendant received income as a medical consultant, but this source of income has ended. Defendant's net worth is somewhat in excess of $100,000. He remarried since the divorce from plaintiff. He owns his home in Jamaica and a co-operative apartment in New York. He employs two cooks, a housemaid and a gardener. Defendant appeals and plaintiff cross-appeals.

On April 15, 1959, defendant filed a petition to modify the decree in the amount of alimony setting forth that because of ill health and upon medical advice he has taken up residence in Jamaica, West Indies, that he has no gainful employment and that his income has been greatly reduced from the date of the decree. Plaintiff filed an answer alleging that under the settlement agreement she waived alimony and accepted in lieu thereof the provisions for support money of $6,325 per year; denied that the agreement was merged into the decree for divorce and denied the material allegations of the petition. As an affirmative defense plaintiff asserts that the payment of support under the agreement constitutes alimony in gross and is not subject to modification. On September 2, 1960, after the deposition of defendant was received in evidence, which was the only evidence, the court entered an order modifying the decree to the extent of finding that the financial condition and income of defendant had changed considerably since the entry of the decree, that he is not gainfully employed and reduced the amount of alimony to $350 per month from May, 1959.

Section 18 of the Divorce Act (Ill Rev Stats c 40, par 19, 1959) provides that the court may, from time to time, make such alterations in the allowance of alimony and maintenance as shall appear reasonable and proper. The parties are in agreement that

425

under this provision the chancellor had the power under appropriate circumstances to modify the decree of divorce with relation to alimony. When the parties incorporated the property settlement agreement in the decree it became merged therein and the alimony provided in the agreement became subject to modification from time to time as may appear reasonable and proper. See Adler v. Adler, 373 Ill 361, 26 NE2d 504; cert den 311 US 670; Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689, appeal dismissed, 19 Ill2d 200.

Since plaintiff's employment with Standard Oil was terminated in 1954 he has been unable to obtain gainful employment. He became afflicted with a serious illness, was operated upon therefor, and upon medical advice took up residence in Jamaica, West Indies. After the termination of his employment he received for the next few years income for his services as a consultant. This has dwindled. In 1960 he was restricted in his activities. The uncontradicted testimony is that his estimated income for 1960 is $8,740.55, derived from dividends and interest. In Gilbert v. Gilbert, 305 Ill 216, 137 NE 99, the court said (221):

"The amount allowed a wife for alimony varies from a sum sufficient to meet the actual wants and necessities of the wife, to a third or more of the husband's income."

In Decker v. Decker, 279 Ill 300, 116 NE 688, the court said (308):

"The amount allowed a wife for separate maintenance or alimony varies from a sum sufficient to meet the actual wants and necessities of the wife, to a third and even a half of the income of the husband."

In Wilson v. Wilson, 102 Ill 297, the court said (300):

"Bishop on Marriage and Divorce says, that 'the rule as to proportion of alimony to income, as settled in

England, varies from one-half (which is the highest, but not unfrequently allowed where the bulk of the property came originally from the wife, and where there is no power in the court to restore any part *in specie,*) to one-third, between which points it appears mostly to vibrate, though at some times considerably lower.' "

In Byerly v. Byerly, 363 Ill 517, 2 NE2d 898, the court said (525):

"There is no hard and fast rule for the fixing of alimony. Matters which are usually considered by the court in determining alimony are the ages of the parties, their condition of health, the property and income of the husband, separate property and income, if any, of the wife, the station in life of the parties as they have heretofore lived, and whether or not there are any children dependent upon either for support, and also the nature of misconduct of the husband."

■■ The defendant says that the amount awarded plaintiff should be within his ability to pay and suggests that in the light of the record it should be $125 per month. Plaintiff maintains that the reduced amount awarded her for alimony should be based on the financial condition and circumstances of the parties. She points out that his assets have a value of $200,000, while his debts and obligations are roughly half that amount. The financial worth of the defendant is a factor to be considered by the court in determining alimony. In Herrick v. Herrick, 319 Ill 146, 149 NE 820, the court said (153):

"As the measure of the sum required is necessarily the need of the wife and the ability of the husband to pay, the amount decreed will legally be affected by change in either element. . . . In making the change, the Court should take into consideration . . . the property and income of the parties, their ages, health and social conditions, . . . ."

■ In the divorce decree the court found that plaintiff was without means of support or livelihood. In his petition for modification defendant does not allege any change in the circumstances of plaintiff. Defendant's estimated income in 1960 was $8,740.55. In modifying the decree the chancellor reduced the amount of alimony to $350 per month retroactive to May, 1959, or $4,200 per year. In addition he is required to keep in force not less than $30,000 insurance on his life for the benefit of plaintiff, the annual premium cost to defendant being $600.90. It is obvious that if the order is affirmed defendant will be forced to invade his principal in order to maintain himself. If the securities are sold defendant's income will be further reduced. The progression could ultimately deprive plaintiff of any fund from which she could expect alimony payments to be made. Under the decree and the modified order defendant is required to pay $4,200 alimony, plus $600 insurance premium, or approximately 55% of his gross income. Weighing all the factors we conclude that the alimony payments should be reduced to $250 per month retroactive to May, 1959.

■ The order of modification conditioned retroactive reduction of alimony on compliance by defendant with the decree as modified, and ordered him to post reasonable bond as security for future performance of the decree as modified, and as a penalty for failure to post bond entered a conditional judgment for the arrearages computed under the unmodified decree of divorce. The judgment should be entered for the arrearages computed under the modified order. In view of the fact that the defendant resides in Jamaica and that his person and assets are beyond the enforcement powers of the Illinois courts, it is

reasonable to require him to give bond in the sum of $10,000 to be deposited with the Clerk of the Superior Court of Cook County for the faithful performance of his payments of alimony and the payment of the insurance premium, or by the deposit of credits, stocks or bonds in an equal amount. Defendant comes into the Illinois courts to obtain a modification of the decree and should abide by reasonable conditions for his performance. The court should retain jurisdiction over the order to be entered on remandment until defendant has paid arrearages and given the bond or deposited the securities.

██ ██ .Plaintiff urges that the allowance to her of $1,500 as attorneys' fees is inadequate and unreasonable. The amount allowed as attorneys' fees and expense money rests within the sound discretion of the chancellor. We cannot say that he abused his discretion. Plaintiff's attorneys will be entitled to a further allowance by the chancellor for the reasonable value of their services in this appeal.

The order of September 2, 1960, is reversed and the cause remanded with directions to enter an order in accordance with the views expressed.

Order reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.