**Jayne Blowitz, Plaintiff-Appellee, v. Milroy R. Blowitz, Defendant-Appellant.**

Gen. Nos. 50,829, 50,830, 51,159.

First District, Second Division.

October 11, 1966.

Rehearing denied November 3, 1966.

Leon C. Wexler, of Chicago, for appellant.

L. Louis Karton and Marovity, Powell & Pizer, of Chicago, for appellee.

MR. PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This appeal comes from the Circuit Court of Cook County. Defendant-appellant is appealing both the order reinstating an original grant of $500 per month alimony and the order granting $750 for attorney's fees incurred by the wife in answering this appeal. The relevant facts are as follows: Milroy R. and Jayne Blowitz were married for twelve years before their divorce in 1960. At the time the divorce decree was handed down Jayne Blowitz was awarded the sum of $500 per month as alimony. Three years later, on October 29, 1963, Mrs. Blowitz agreed to a temporary reduction of the alimony payments to $150 per month. This temporary reduction was extended from time to time until June 11, 1965, when the order from which this appeal is taken was handed down,

reinstating the $500 per month alimony as agreed to by the parties at the time of the original divorce decree.

■ Our law is clear as to the nature of alimony. Alimony is based on the social and economic theory that a man must support his wife. It is carved out of the husband's estate or earnings. It does not arise from any business transaction, or out of contract, but from the relation of marriage. It is founded not on contract, but on the natural and legal duty of the husband to support his wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. Maginnis v. Maginnis, 323 Ill 113, 153 NE 654; Herrick v. Herrick, 319 Ill 146, 149 NE 820.

■ Our law relating to the modification of the divorce decree as to alimony is also clear. In Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689, the court said (p 693):

"The court has power to modify the alimony award whenever substantial changes in the conditions and circumstances of the parties render modification necessary, Garrett v. Garrett, 252 Ill 318, 96 NE 882; Evar v. Evar, 330 Ill App 247, 70 NE2d 442. Such award cannot be altered unless it is shown that the conditions and circumstances of the parties have changed materially since the decree was rendered, Smith v. Smith, 334 Ill 370, 166 NE 85; Buehler v. Buehler, 329 Ill App 239, 67 NE2d 708."

■ In Gregory v. Gregory, 52 Ill App2d 262, 202 NE 2d 139, the court said (p 142):

"While the court may not change the amount past due under a decree of the court, it does have the power to modify the terms of a decree as to alimony and maintenance as shall appear reasonable and proper, the modification to apply to future payments. Chapter 40, Section 19, Illinois Revised Statutes. Our courts have laid down the rules upon which such

modification shall be made. It must be shown that conditions and circumstances of the parties have materially changed since the entry of the decree, so as to make the modification equitable. Mayes v. Mayes, 23 Ill App2d 513, 163 NE2d 235; Cole v. Cole, 142 Ill 19, 31 NE 109, 19 LRA 811; Cahill v. Cahill, 316 Ill App 324, 45 NE2d 69; Herrick v. Herrick, 319 Ill 146, 149 NE 820; Chalmers v. Chalmers, 31 Ill App2d 1, 175 NE2d 613. When substantial changes in the conditions and circumstances of the parties render modification necessary, the court has the power to so modify. Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689; Garrett v. Garrett, 252 Ill 318, 96 NE 882. The power to modify the decree is a continuing power to be exercised in accordance with the needs and circumstances of the parties. Larson v. Larson, 21 Ill App2d 264, 157 NE2d 689; De La Cour v. De La Cour, 363 Ill 545, 2 NE2d 896. The courts cannot arbitrarily or capriciously alter or change decrees involving alimony or support money. There must be changes in the conditions and circumstances of the parties."

Defendant's theory of this case is that a change in circumstances has taken place which warrants a continuance of the reduction in his alimony. It is his contention that the trial court erred in reinstating the original award. The facts which defendant relies on to support his position are as follows: Defendant had suffered two coronaries; he has had the expense of paying his son's tuition at the Latin School in the amount of $1,000 annually, and has suffered financial reverses both from the termination of his law partnership and from the lack of success of a business venture. Approximately three years before the hearing at which the alimony award was reinstated, the defendant had opened a psychiatric hospital. At the time of the commencement of

389

this project defendant had a net worth of well over $200,000. Since that time it is claimed that the hospital has suffered reverses because of which defendant has pledged his assets to the Continental Illinois Bank. Since the termination of his law practice, defendant has sustained a loss of income from that source, leaving him with a total spendable income, which he claims is approximately $7,000 annually, as opposed to an income of around $45,000 in 1960.

Defendant would like to have this court believe that he has only $7,000 spendable income annually. From the meager abstract about which we will have more to say later, it is impossible to determine exactly what defendant's income is. However, it is most clear that defendant in this case has not been forced to reduce the style of living he has been accustomed to because of his alleged impecunious situation. Defendant still lives at 3950 Lake Shore Drive at an annual rent of $3,300 ($275 per month). Defendant still owns a Thunderbird automobile, and he still keeps a horse, and he is still paying his son's education expenses. Defendant testified that he had to borrow money to maintain this standard of living. Yet, this defendant has been unable to pay his wife even the $150 per month that is called for under the modified decree.

 From this set of facts, it cannot be said that the trial court abused its discretion when it reinstated the original award. For this court to ascertain the true state of defendant's affairs we would be required to search the record because of the meagerness of the appellant's abstract. A court of review is not required to go to the record to affirm. Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351. Furthermore, appellant's statement that the appellee can easily correct any error he feels exists in the abstract by filing a supplemental abstract is worthy of censure by this court. Appellants cannot sidestep the obligation of filing a sufficient abstract because Rule 6 permits the appellee to file an addi-

tional abstract. Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100.

However, even if we take defendant's statements as to his finances as true, he has still failed to make out a case where he should be entitled to a reduction in his alimony payments. We reiterate that alimony arises from the relationship of marriage and is founded upon the natural and legal duty of the husband to support the wife. Maginnis v. Maginnis, supra. It is true that in the proper situation our courts will grant a reduction in alimony payments. Mayes v. Mayes, supra; Cahill v. Cahill, supra; Herrick v. Herrick, supra, and Chalmers v. Chalmers, supra. But the cases where relief has been granted have been cases where the change in circumstances is fortuitous and not brought on by the party seeking the reduction.

In Page v. Page, 32 Ill App2d 422, 178 NE2d 129, for example, the defendant at the time of the divorce decree was a highly successful physician employed by Standard Oil. Subsequent to the divorce decree defendant was operated upon for a partial gastrectomy, which resulted in a restriction of his activities, including the termination of his relationship with Standard Oil, and an uncontradicted reduction in his estimated income. In this case the court granted a reduction in the alimony award. Much the same situation prevailed in Herrick v. Herrick, supra. In that case the defendant was in good health at the time of the decree and was employed by the University of Chicago as a professor. Because of illness defendant incurred large bills for medical and traveling expenses and was forced to resign his position at the university. Again, the order affirming a reduction in alimony payments was affirmed.

Our courts have been sympathetic to pleas for a reduction in alimony payments where some fortuitous occurrence has diminished the ability of the husband to meet his obligation to his former wife. But where the

391

change in circumstances has been brought about by the actions of the husband the courts have refused to allow a reduction. In Chalmers v. Chalmers, 31 Ill App2d 1, 175 NE2d 613, the court denied a prayer for a reduction in alimony where the defendant had remarried and had had a child by this second marriage, stating,

> "From a legal standpoint, the first come(s) first and (the) second come(s) second. In other words, the first obligations must be met before the second obligations can or will be considered. The changes in conditions or circumstances should be involuntary and not voluntary. To hold that a defendant, charged by a decree to pay alimony to a former wife, could change the amount to be paid by involving himself with other obligations, would be to nullify the decrees and orders of the court."

And in Hoover v. Hoover, 307 Ill App 590, 30 NE2d 940, the court likewise denied a modification of the alimony award, where it was shown that the illness that had reduced defendant's earning power and ability to meet his obligation to his wife, had been brought on by his involvement in an illicit affair. The record in this case showed that the defendant had not only brought this illness upon himself but that he had given no consideration to the preservation of his estate for the benefit of his former wife.

While there is not a hint of immoral conduct on the part of the defendant in this case, it is clear that he has not given a thought to the interests of his former wife or to the obligation he has towards her. He has tied up his assets in a venture which his auditors advised him not to become involved with. And yet he has been unwilling to reduce his own standard of living so that he might comply with the decree that bound him to contribute to the support of his former wife. This is certainly not a

case where the broad discretion of the Chancellor was abused.

■ ■ Defendant also appeals the ruling of the Chancellor in regard to the allowance of attorney's fees, incurred by the wife in the answering of this appeal. It is well settled that the allowance of attorney's fees rests within the sound discretion of the trial court and will not be set aside absent a clear showing of abuse. Page v. Page, supra; Canady v. Canady, 30 Ill2d 440, 197 NE2d 42. Defendant's contention that the attorney's fees should not be allowed because of the lack of good faith of the plaintiff has absolutely no merit. Defendant was the party who began these proceedings when he first requested a modification of the alimony award. He is not to be heard to contest the awarding of attorney's fees incurred in the exercise of the rights of the wife. If there has been a lack of good faith in these proceedings it is the opinion of the Court that such lack has been on the part of the defendant.

For the above reasons the order of the trial court is affirmed.

Order affirmed.

LYONS, J., concurs.

BURKE, J., concurs in part:

Under the changed financial and earnings position of the defendant the monthly payments of alimony should be reduced to $250. The attorney's fees set by the Chancellor are reasonable.