397 F.2d 794
 MICHAEL REESE HOSPITAL AND MEDICAL CENTER, Plaintiff-Appellee,
v.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.
MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Counter-Plaintiff-Appellee,
v.
MICHAEL REESE HOSPITAL AND MEDICAL CENTER, Counter-Defendant-Appellee,
Dorris E. Dreyfus, Counter-Defendant-Appellant.
 No. 16736.
 United States Court of Appeals Seventh Circuit.
 June 21, 1968.
 Rehearing Denied July 8, 1968.
 Certiorari Denied November 25, 1968.
 
 See 89 S.Ct. 400.
 Dorris E. Dreyfus, in pro. per.
 Frank D. Mayer, George V. Bobrinskoy, Jr., Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellee.
 Before HASTINGS, FAIRCHILD and CUMMINGS, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 Michael Reese Hospital and Medical Center of Chicago ("Michael Reese") filed this diversity action seeking payment of the proceeds of three insurance policies covering the life of Philip S. Dreyfus issued by defendant, Mutual Life Insurance Company of New York ("Mutual"). Dreyfus died in 1961. Mutual filed a counterclaim under the interpleader provisions of the Judicial Code (28 U.S.C. § 1335) asserting that the proceeds of these life insurance policies, plus interest, amounted to $51,461.90, and that both Michael Reese and Philip Dreyfus' divorced wife, Dorris E. Dreyfus, claimed said amount. The District Court thereupon made Mrs. Dreyfus a party to the suit and permitted Mutual to file a bond for $51,461.90 payable to the Clerk of the District Court. Michael Reese and Mrs. Dreyfus thereafter filed motions for summary judgment.
 
 
 2
 The beneficiaries of these policies were the trustees under a 1935 Trust Agreement providing that on Dreyfus' death, the principal should be divided and distributed as appointed by his will. Pursuant to his Last Will and Testament, Dreyfus left his two minor daughters $1,000 each and exercised the power of appointment over the substantial residue in favor of Michael Reese. The successor trustee subsequently assigned its interest in the policies to that institution.
 
 
 3
 The District Court held that Michael Reese was entitled to the proceeds of the life insurance policies and the interest thereon. We affirm the summary judgment in favor of the hospital.
 
 
 4
 Under paragraph 6 of the 1955 Illinois divorce decree between Mr. and Mrs. Dreyfus, Mrs. Dreyfus waived all rights in her former husband's property. In return she was to receive a $50,000 settlement. Forty thousand dollars was paid to her after the entry of the divorce decree, and the remaining $10,000 was to be paid on July 23, 1964.
 
 
 5
 On October 7, 1957, the divorce chancellor entered an order holding Mrs. Dreyfus in contempt for failure to comply with the custodial provisions of the decree with respect to the couple's two minor children. On November 18, 1958, the chancellor entered a further order relieving Dreyfus from making the final payment of $10,000 to his former wife in view of her continuing contempt of court. A provision modifying the 1935 Trust Agreement to provide such payment was expressly abrogated by that order.
 
 
 6
 Mrs. Dreyfus admits that prior to the entry of the 1957 and 1958 orders she received copies of the petitions for relief and related notices by mail in California where she resides. However, she contends that both orders were void because she was not served with a summons as well. Under the Illinois Divorce Act, the divorce court retained continuing power to modify the provisions of the 1955 decree, and no additional summons was required to be served on the parties. De La Cour v. De La Cour, 363 Ill. 545, 2 N.E.2d 896 (1936); see also Ill.Rev.Stats.1967, Ch. 40, § 19. Since there was proper jurisdiction over the parties and subject matter, Mrs. Dreyfus is not entitled to subject the orders of the divorce court to collateral attack. Hardy v. Bankers Life & Casualty Co., 232 F.2d 205, 209, 210-211 (7th Cir.1956), certiorari denied, 351 U.S. 984, 76 S.Ct. 1051, 100 L.Ed. 1498. Accordingly, the fairness of the divorce decree and subsequent orders is not properly before us.
 
 
 7
 We have considered the other points raised by Mrs. Dreyfus but deem them not justiciable in this forum.
 
 
 8
 The judgment of the District Court is affirmed.