*In re* MARRIAGE OF LYSOLA ANNA PARKS, Petitioner-Appellee, and WILLIE LEE PARKS, Respondent-Appellant.

Third District   No. 79-483

Opinion filed April 30, 1980.

Douglas C. Scovil and Franklin S. Wallace, both of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Dennis DePorter, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Willie Lee Parks appeals from a judgment of the Circuit Court of Rock Island County denying his petition for modification of a decree providing for periodic alimony. On September 16, 1977, a decree of divorce was entered, dissolving the marriage of Willie Lee Parks and Lysola Anna Parks. The couple had been married for 19 years. In accordance with an agreement between the parties, the court ordered Mr. Parks to pay Mrs. Parks $40 per week alimony. At the time of the divorce, Mrs. Parks was on layoff from a job she had held with Farmall, Inc. She worked as a domestic during this period, earning $90 per week. Since her

separation from her husband, she lived in a rented apartment, paying $80 per month rent.

She also provided the support for a teenage son, who was not the son of Mr. Parks, but who had lived with Mr. Parks since the boy was four days old. Since the divorce, Mrs. Parks has secured employment with International Harvester. Her take home pay is $230 per week, $30 of which is deducted by her credit union for payment of a loan on an automobile. However, the work has not been steady. In a period of six months, she has been laid off twice, and, as a result, has only worked about three months. During her layoffs she received unemployment compensation from the State of Illinois amounting to somewhat under $100 per week. International Harvester pays its employees 95% salary during layoff only after they have worked for the company for at least one year.

Mr. Parks was, at the time of the divorce, and still is, employed at the John Deere Foundry. At the time of the divorce he brought home about $375 per week, including considerable overtime. Since then his income has remained about the same, reaching $400 some weeks. On May 25, 1979, Mr. Parks petitioned the court for relief from his obligation to pay alimony, on the grounds that Mrs. Parks no longer needed the money, due to the fact that she had secured a better job. A hearing was held on June 13, 1979, and on June 21, 1979, an order was entered denying Mr. Park's petition. In this order, the court stated the following findings:

"1. That there has not been a substantial change in circumstances since the time of the divorce.

2. That at the time of the divorce alimony was awarded by agreement without regard to future employment of LYSOLA ANNA PARKS."

Mr. Parks argues on appeal that the trial court erred in finding that alimony had been awarded without regard to future employment by Mrs. Parks. At the time of the divorce, the parties agreed that Mr. Parks was to pay Mrs. Parks $40 per week alimony. The divorce decree states in relevant part:

"d. That Defendant [Mr. Parks] agrees to pay Plaintiff [Mrs. Parks] alimony in the amount of $40.00 per week.

e. That Defendant waives and shall be forever hereafter barred from claiming alimony."

The decree makes no other reference to alimony.

It is long established in this State that "[a]greements [for the payment of alimony] become merged in the decree and lose their contractual nature." (*Maginnis v. Maginnis* (1926), 323 Ill. 113, 118-19, 153 N.E. 654.) "The fact that the provision for the payment of alimony * * * was incorporated in the decree by the agreement of the parties does not destroy, or even affect, the power of the court to alter that provision when

a change of circumstances justifies a modification." (*Maginnis v. Maginnis* (1926), 323 Ill. 113, 118, 153 N.E. 654.) While the trial court's finding "[t]hat at the time of the divorce, alimony was awarded by agreement without regard to the future employment of Lysola Anna Parks" might lend itself to ambiguous interpretation, it is both an accurate reflection of the facts and the law in this case. The appellant contends that this finding indicates a belief on the part of the trial judge that the court was *precluded* from modifying the alimony decree even though Mrs. Parks had changed her employment status. If that were so, the court's finding would indeed be erroneous. We believe, however, that the court has indicated an accurate knowledge of the law, as evidenced by its first finding, which shows that the factor controlling the determination of this cause is the presence of absence of changed circumstances. We can therefore only conclude that the court's second finding merely indicates the judge's belief that the court was not *compelled* by the earlier decree to terminate alimony in the event that Mrs. Parks should secure employment. (See Ill. Rev. Stat. 1977, ch. 40, par. 502(f).) The divorce decree was, in fact, silent on this issue, and can accurately be characterized as granting alimony "without regard to future employment of Lysola Anna Parks." It is apparent that alimony had not been conditioned upon any one fact. We, therefore, conclude that no error was committed by the trial court in so finding.

The judgment below, therefore, rests upon the first finding: "That there has not been a substantial change in circumstances since the time of the divorce." While the parties' divorce was controlled by our former Divorce Act, the petition for modification is governed by our present Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 801(c).) "Except as otherwise provided in paragraph (f) of Section 502, the provisions of any judgment respecting maintenance or support may be modified * * * only upon a showing of a substantial change in circumstances." (Ill. Rev. Stat. 1977, ch. 40, par. 510(a).) This provision of the current Marriage and Dissolution of Marriage Act is consistent with prior law. "Whether the alimony to be paid by the defendant should have been terminated rested in the sound discretion of the court." (*Tan v. Tan* (1972), 3 Ill. App. 3d 671, 675, 279 N.E.2d 486.) The record reveals that Mrs. Parks now enjoys a potential for earnings greatly in excess of those she received at the time of her divorce. However, her position of employment is still untenured and is demonstrably insecure. Therefore, her increased earnings, and resultant decreased need for maintenance, are still only potential.

The son whom she supports is now 16 years old and still in need of her support. The rental cost of her housing is the same as at the time of her divorce. Her other expenses have increased due to inflation. Mr. Parks'

ability to pay has neither increased nor decreased significantly. His earnings have gone up slightly, but inflation has also eroded the purchasing power of the earnings. We cannot say, on the basis of the record before us, that the trial court abused its discretion in denying a modification of alimony.

The judgment of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.