Richman Chemical Co., Plaintiff and Counter Defendant below, Appellant and Cross Appellee, v. Henry Lowenthal et al., d/b/a Lowenthal Manufacturing Company, Defendants and Third Party Plaintiffs below, Cross Appellants, Appellees and Cross Appellees, Texto Products Corporation, Third Party Defendant and Counter Claimant below, Appellant and Cross Appellee.

Gen. No. 47,278.

First District, First Division.

March 31, 1958.

Rehearing denied April 29, 1958.

Released for publication April 29, 1958.

Freeman & Freeman, of Chicago (Ezra L. D'Isa, and Earl Freeman, of counsel) for appellant.

Philip W. Tone, and Thomas W. McNamara, of Chicago (Thompson, Raymond, Mayer, Jenner & Bloom-

stein, of counsel) for Texto Products Corporation, counterclaimant-appellee.

JUSTICE ROBSON delivered the opinion of the court.

This was an action by Richman Chemical Company (hereinafter called Richman) against defendant Lowenthal Manufacturing Company, a copartnership (hereinafter called Lowenthal) for the value of certain goods alleged to have been sold and delivered to Lowenthal. Lowenthal filed an answer denying it was the purchaser of the goods and filed a third-party complaint against third-party defendant, Texto Products Corporation (hereinafter called Texto), alleging that the goods were sold to Texto and that if Lowenthal was liable to plaintiff then Texto was liable over to Lowenthal. Texto filed its answer admitting it had purchased the goods but denying liability because the goods were defective. It filed a counterclaim against Richman for breach of warranty of quality. Trial was had by jury, which returned a verdict in favor of Texto on its counterclaim against Richman for $20,000, and in favor of Richman and against Lowenthal for $10,214.40 for the price of the goods and in favor of Lowenthal and against Texto for $10,214.40. Richman appeals from the judgment against it on the counterclaim. Texto and Lowenthal filed cross appeals from the respective judgments against them but these cross appeals have been abandoned.

Richman contends that the trial court erred in (1) that there was no privity of contract between Texto and Richman and therefore Richman could not be liable to Texto for breach of warranty; (2) that there is no evidence that Texto sustained damages in the amount of $20,000, or in any amount whatsoever, and (3) in admitting certain letters into evidence from various dealers, customers and representatives of Texto in violation of the hearsay rule.

570

We have examined the abstract of record in an attempt to find Richman's post-trial motion specifying these objections but to no avail. We find only the following pertaining to it:

"Motion of Richman Chemical Co. for judgment notwithstanding the verdict, or in the alternative for a new trial filed March 12, 1957."

■■ The abstract is the pleading of the party in a court of review. What is sought to be reviewed must be contained in that pleading. Gage v. City of Chicago, 211 Ill. 109. To make available the motion for new trial it must appear in the abstract. A court of review is not required to go to the record to reverse although it will search the record regardless of the abstract to affirm. McGovern v. City of Chicago, 202 Ill. App. 139; People v. Mattei, 381 Ill. 21; People v. Marshall, 309 Ill. 122; People v. Armour, 307 Ill. 234; Yarber v. Chicago and Alton Ry. Co., 235 Ill. 589; Herder v. People, 209 Ill. 50.

Rule 6 of this court requires the party prosecuting the appeal to furnish an abstract of record containing sufficient parts of the record to present fully the errors relied upon. This is substantially the same rule that has been in force for many years and is the same as Supreme Court Rule 38.

We are aware of the fact that it is expensive to print an abstract of record but this is not a cause for omitting the post-trial motion upon which the alleged errors of the trial court are predicated. We regret to say that too often of late we find the abstract of record is not properly prepared. The pleadings, instructions, post-trial motion and the evidence relied upon to show error are not properly abstracted, or are partially or entirely omitted. The court in many instances must spend substantial time going through the record in an attempt to determine the true facts. In simple cases on appeal, on good cause shown, the court "may dis-

pense with the furnishing of an abstract or with the abstracting of matters in the record even though they are to be considered on appeal." (Rule 6 of Appellate Court.) No such action was taken in this case. However, as Texto has filed an additional abstract setting forth the post-trial motion and other essential facts of the record, we will consider plaintiff's contentions.

■■ As to the first contention, Texto states that the post-trial motion did not specify the ground that there was no privity of contract between Texto and Richman. We have examined the motion and find no point or allegation that could be construed to cover it. The pertinent parts of the Illinois Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, sec. 68.1 (2)) state:

"The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. . . . A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion."

The provision was designed to require parties in their post-trial motion to specifically set forth the ground or grounds upon which the motion was based. Its purpose was to prevent the moving party from hiding behind a general objection in the trial court and for the first time raising with particularity in the Appellate Court an objection that had not been argued before the trial judge. Concealment and surprise should be no part of present day practice. Foster v. Union Starch and Refining Co., 11 Ill.App.2d 346, 354; Rudolph v. City of Chicago, 2 Ill.App.2d 370, 375. The objection is well taken and the contention is not available for review in this court.

■ As to the second contention that the evidence is insufficient to support the award of damages, the

572

specification in the post-trial motion that Richman contends pertains to this point reads as follows:

"Richman should be granted a judgment in its favor on the claim of Texto notwithstanding the verdict of the jury because every element and item of damages introduced in evidence by Texto was improperly admitted, and if excluded, then all of the evidence in this case taken in its intendments most favorable to Texto, does not prove or tend to prove that it sustained any damages whatsoever because of any alleged breach of contract."

It is clear that this specification only asks the trial court to decide whether any evidence on damage was properly admitted. In this court we are asked to decide whether the evidence on damages which was admitted was sufficient to support a verdict. No question is raised on the admissibility of any of the evidence on damage. The specification in the post-trial motion does not cover the issue raised in this court and our reasoning on the first contention applies. It is not available for review.

█ Richman's third contention that the trial court erred in admitting certain letters into evidence from various dealers, customers and representatives of Texto on the ground that they were clearly hearsay is properly raised in the post-trial motion and we will consider it. Sixty-eight letters were admitted in evidence. When these letters were admitted, counsel for Texto stated that they were offered to prove the state of mind of the writer of the letter, the reason assigned for the cancellation or return of the merchandise, and the fact that complaints were made. Richman now argues that they are all hearsay; that they are 68 audible but invisible witnesses who are not under oath, not subject to cross-examination, making declarations outside the presence of the court against Richman. An examination of the record discloses that in the initial

573

instance counsel for Richman objected to the admission on the ground that they were hearsay. The additional abstract of record then discloses the following statement made by counsel for Richman:

"My objection goes to this: While I do not agree they should be admitted in evidence, I can see where there might be grounds for the letters from the representatives of the Texto Company being admitted to show a frame of mind on their part. But the letters that are included with the letters from the sales representatives, which come now from third parties, I do not think belong in this cause. They amount to testimony without being sworn, without the right to examine."

Later counsel for Richman again said:

"Now I refer again to the numerous letters of complaint that the court admitted into evidence. The theory upon which they were admitted was to show a disruption of a sales organization and a frame of mind. Certainly this Court did not intend at the time those exhibits were admitted that they be considered as evidence of defective material, because that would have been clearly hearsay. The evidence in this case on the score of defective material, if any, is the testimony of the two experts to the effect that the solution was not uniform and that in that condition they would result thus, thus, so and so. But one of the factors in the plaintiff's case which is in evidence is that on certain types of tires, certain reactions, harmful reactions could be expected and in none of the instances of complaints, letters that you admitted into evidence, is there any showing that the tire involved was not one of those tires that could or might have resulted harmfully."

And counsel for Texto replied:

"To that, if the court please, I say that the letters are admitted only for the purpose which originally

was stated as showing the reason for the breakdown in the sales organization, the fact of complaints. The fact of defective quality, was shown by the testimony of the chemical experts, which tended to prove that the merchandise was so lacking in uniformity that it was defective and could not function properly. Counsel states that there is this element of synthetic tires. The testimony on that score is that the effect of any synthetic in use on this formula would have been negligible. There is also testimony to the effect that Mr. Richman said that the situation would involve less than, or no more than one in ten thousand cases, or situations, and, therefore, it was not entitled to any practical consideration."

It is thus apparent from an examination of the record that these exhibits were offered and admitted, not to prove the truth of the statements therein contained, but only for the special and limited purpose of showing the surrounding circumstances that led to the return and cancellation of orders, which caused the ultimate disintegration of Texto's sales organization. In this situation the hearsay rule does not apply. Cleary, Handbook of Illinois Evidence, p. 158, par. 13.4; VI Wigmore on Evidence (3rd Ed.) sections 1789, 1729; Wilkinson v. Service, 249 Ill. 146, 151 (1911); Lawlor v. Loewe, 235 U. S. 522, 35 S. Ct. 170, 59 L. Ed. 341; Greater New York Live Poultry Chamber of Commerce v. United States, 47 F.2d 156 (2nd Cir.).

■ If there was any part or portion of the various letters that were admitted that Richman believed to be incompetent it was Richman's responsibility to make specific objection to that part of the respective exhibits it believed was not competent. People v. Selknes, 309 Ill. 113, 119, 120; McCormick on Evidence, sec. 52, pp. 119, 120. This it did not do.

Richman cites many cases but none are in point. In each instance they had to do with letters or other

out of court declarations which were properly excluded as hearsay because they were offered to prove the truth of the facts asserted therein. If the letters in the instant case had been offered for this purpose, Richman's authorities would have been applicable. This, however, is not the issue we have before us.

The judgment of the trial court is affirmed.

Judgment affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.