(No. 36506.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellee, *vs.* CLARENCE DUST *et al.*, Appellants.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

FRED P. SCHUMAN, and LEO KONZEN, both of Granite City, and RALPH CURRY, of St. Louis, Missouri, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, AUBREY KAPLAN, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On February 3, 1959 the Department of Public Works and Buildings filed a petition in the circuit court of Effingham County for condemnation of 18.39 acres for construction of a portion of Interstate Route 70. The tract was described as a part of 79.79 acres owned by appellants, except the part called Rollin-Hills Subdivision. By cross petition appellees allege that the entire area, including Rollin-Hills Subdivision, would be damaged by the construction. The Department's motion to dismiss the cross petition was denied and no cross appeal was taken. Defendants appeal from a judgment of $26,000, comprising $22,600 for land taken and $3400 for damages to land not taken.

In October, 1954 defendants purchased an elongated strip containing 79.79 acres running roughly east and west with a leg extending south on the west end. They immediately employed engineers to survey the tract and to prepare a topographic map. The easterly 27.546 acres fronting on State Route 32 was platted into 102 lots as Rollin-Hills Subdivision. The plat was recorded and the subdivision was annexed to the city of Effingham. Defendants have designated the platted subdivision as area 1 and refer to the balance as area 2. A proposed layout of area 2 was prepared. It contemplated 108 lots in 37.529 acres to the west and southwest of Rollin-Hills Subdivision and a dam to impound water in a ravine to create a lake of 14.715 acres. The tract condemned is a long narrow strip of 18.59 acres off the westerly end which takes in the dam site, a small part of the proposed lake area, and approximately 35 of the proposed lots. Area 2, an uneven, wooded tract, was largely

in a state of nature on February 3, 1959, except for the impounding dam, a sewage lift station, and a force sewer line. Witnesses for both sides agreed that the highest and best use of the land was for subdivision purposes.

Defendants contend that evidence of estimated costs to complete the unfinished portion of area 1 and the estimated costs for subdividing area 2 was improperly excluded. Also excluded were contour maps, a layout for the lots in both areas and layouts of existing and proposed water mains, sewers, and pavements, which supported the testimony. (This type of evidence is more frequently introduced to produce a lower verdict.) (Cf. *Forest Preserve District* v. *Krol*, 12 Ill.2d 139; *Forest Preserve District* v. *Galt*, 412 Ill. 500; *City of Chicago* v. *Lehmann*, 262 Ill. 468; *Smith* v. *Sanitary District*, 260 Ill. 453.) The defendants do not suggest in what manner this evidence would produce a better result for them or how they were prejudiced by its exclusion.

In addition, defendants urge that evidence concerning existing housing and subdivision needs of the community, or such as might reasonably be expected in the future, was improperly admitted. The testimony of petitioner's witnesses does not show that there was a great demand for residential sites. It does not, on the other hand, establish that there was no such demand. Furthermore, defendants did introduce evidence that approximately $\frac{1}{3}$ of the residential sites in the platted subdivision had already been sold. We are of the opinion that it was error to admit this evidence, but under these circumstances defendants were not prejudiced by admission of petitioner's evidence concerning community needs.

Where, as here, the jury has viewed the premises and the amount fixed is within the range of the evidence, the verdict of the jury will not be disturbed unless it is clearly shown that it has been influenced by passion or prejudice or unless there was a clear and palpable mistake. (*Dept. of*

*Public Works* v. *Pellini,* 7 Ill.2d 367; *Dept. of Public Works* v. *Lambert,* 411 Ill. 183.) The opinions as to fair market value for land taken ranged from $22,399.99 to $106,500.00 and those as to damages to land not taken from zero to $44,838.56. The jurors were apparently impressed by petitioner's witnesses, since they returned a verdict which substantially agreed with their estimates. There is nothing to indicate that the jury was motivated by passion or prejudice or that they were palpably mistaken in their determination.

For the reasons stated the judgment of the circuit court of Effingham County is affirmed.

*Judgment affirmed.*