Margaret Backlund, Plaintiff, v. Dorothy Thomas and Robert H. Kirby, Defendants.
Margaret Backlund, Plaintiff-Appellee, and Robert H. Kirby, Defendant-Appellee, v. Dorothy Thomas, Defendant-Appellant.

Gen. No. 10,414.

Third District.

February 26, 1963.

Costigan & Wollrab, of Bloomington, for appellant.

Whedon Slater, for defendant-appellee, and Chester Thomson, Ralph Schroeder, John W. Biggers and W. L. Thomson, all of Bloomington (Ralph Schroeder, of counsel), for plaintiff-appellee.

ROETH, JUSTICE.

Defendant Dorothy Thomas appeals from a judgment of the Circuit Court of McLean County in the amount of $21,000, entered against her in favor of plaintiff on a verdict of a jury. The collision out of which this case arose occurred at the junction of U. S. Route 136 and U. S. Route 54. U. S. Route 54 is a preferential highway and traffic on U. S. Route 136

is required to stop before entering or crossing it. There are large stop signs with the notation "U. S. 54 Traffic Does Not Stop" and a red overhead flashing stop signal at the entrance to U. S. Route 54. Plaintiff was a guest passenger in the automobile of defendant Thomas as it was proceeding east on U. S. Route 136. Defendant Kirby was driving his automobile north on U. S. Route 54. The two automobiles collided in the center of the intersection. It was the theory of counsel for plaintiff that defendant Thomas was not attentive to her driving and drove across U. S. Route 54 at high speed without stopping, in front of the automobile of defendant Kirby. Defendant Thomas was charged with willful and wanton conduct and defendant Kirby with negligence. Defendant Thomas was found guilty by the jury and defendant Kirby not guilty. The appeal here is by defendant Thomas, who will be referred to as "defendant."

Prior to the submission of this cause to this court, counsel for plaintiff moved to dismiss this appeal for failure of counsel for defendant to file a sufficient abstract as provided by Rule 6 of this court. Numerous claimed deficiencies in the abstract were pointed out, on 19 typewritten pages of legal cap, in support of this motion. In support of this motion the case of Campbell v. Fazio, 23 Ill App2d 106, 161 NE2d 579; Clark v. Titone, 10 Ill App2d 135, 134 NE2d 348, and Richman Chemical Co. v. Lowenthal, 16 Ill App 2d 568, 149 NE2d 351, were cited. Objections to the motion to dismiss were filed by counsel for defendant. These objections, while confessing certain omissions, claimed they were merely procedural and in addition asserted "If Plaintiff-Appellee desires to file an additional abstract, she has that right."

The foregoing motion to dismiss and objections thereto were submitted to this court on October 2, 1962. Oral argument was scheduled for the next day.

10

In the limited time to consider the motion to dismiss, we ascertained that the record in this case consisted of 427 pages. We were also aware of the fact that counsel for plaintiff had, in fact, filed an additional abstract together with their brief. We therefore concluded, that in view of the size of the record and the expense attendant upon its preparation, and since the case was ready for submission, we should be reluctant to deny the litigant her day in court. We accordingly denied the motion to dismiss the appeal. A so-called "second look" has raised serious doubt as to the wisdom of our action. Campbell v. Fazio, supra; Gribben v. Interstate Motor Freight System Co., 38 Ill App2d 123, 186 NE2d 100.

We have not made a detailed analysis of the evidence with reference to the collision and the events leading up to the collision for the reason that it is not contended by counsel for defendant that the verdict as to liability is not supported by the evidence. We approach a consideration of the errors relied upon for reversal in the light of the oft announced rule that a court of review is not required to go to the record to reverse although it will search the record, regardless of the abstract, to affirm. Richman Chemical Co. v. Lowenthal, 16 Ill App2d 568, 149 NE2d 351, and cases therein cited.

Counsel for defendant assigns as error, the giving of plaintiff's instruction #16. The conference on instructions is not abstracted or referred to in the abstract. The abstract does not disclose any objection to this instruction by counsel for defendant. Claimed error in giving instructions is not presented for review where the conference on instructions is not abstracted or where the abstract fails to show objections to the instructions. Kotowsky v. Cook, 29 Ill App2d 116, 172 NE2d 502.

It is claimed that the trial judge made prejudicial remarks during the closing argument of one

11

of defendant's counsel. In order to properly appraise this contention it is necessary to examine the record. Prior to closing arguments the court held an extended conference on instructions. It was there indicated that plaintiff's instruction #11 would be given since there was no objection made to it. This instruction was as follows:

"When I use the expression 'willful and wanton conduct,' I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety and the safety or others."

Thus counsel for defendant were apprised in advance of the definition of willful and wanton conduct which the court intended to give to the jury. In the course of the argument by one of counsel for defendant, he made the following statement:

"Mr. Thomson (counsel for plaintiff) has . . . said, 'There will be an instruction as to willful and wanton, pay attention to it.' I caution you to pay attention to it, too. In substance, it will provide that in order to have a recovery in behalf of Mrs. Backlund against Mrs. Thomas, Mrs. Thomas must have intended the conduct to result in the way that it did. Counsel then said, 'I don't believe Dorothy Thomas intended to injure Mrs. Backlund.' We will forget intentional conduct. We will go to the other words, 'An utter disregard for the safety—.' "

An objection was then interposed. Thereupon the court cautioned counsel for defendant that he was not including all of the elements of the proposed instruction on what constituted willful and wanton conduct. Subsequently in the argument counsel undertook to correctly state the various elements of willful and

12

wanton conduct and the court then explained this fact to the jury and admonished the jury that in the final analysis they were to take the instructions of the court as to the law applicable to the case. It is apparent to this court, that in the first instance, counsel for defendant was undertaking to slant and distort the definition of willful and wanton conduct in defendant's favor. The court had a duty to undertake to prevent this. Ryan v. Monson, 33 Ill App2d 406, 179 NE2d 449. We think the court judiciously performed this duty and that there is no merit to the contention of counsel for defendant in this regard.

It is also claimed that the court erred in permitting Dr. McNutt and Dr. Schultz to testify as to history and subjective symptoms and to give opinions based in whole or in part thereon since these two doctors were examining doctors only. This is the only objection to their testimony specified in the post trial motion. We have read the testimony of Dr. McNutt as it appears in the record. A fair appraisal of his testimony reveals that his examination of plaintiff revealed a loss of rotation of the head on the shoulders, 50% loss to the left, 20% loss to the right and 20% loss forward and backward. He also found a moderate stiffness in the fingers of the right hand. This testimony went into the record without objection. Over objection the doctor testified that in his opinion the condition which he found was permanent. It specifically appears, however, that this opinion was based only on his objective findings. We have also read the testimony of Dr. Schultz as it appears in the record. He physically examined plaintiff and x-rayed her. His examination of plaintiff revealed that she could rotate her neck further to the right than she could to the left; that she had lost about 15 degrees rotation to the right and 25 or 30 degrees to the left; that percentages of loss of rotation would be higher than degrees; that the trapezius and levator scapulae

13

muscles on the left were tender up to the occipit; that plaintiff had a fractured 4th metacarpal bone in her right hand; that plaintiff had a healed abrasion from knee to ankle on one leg; that plaintiff had a narrowing between the 5th and 6th, and 7th and 8th cervical vertebrae with degenerative arthritis at that level. This testimony also went into the record without objection. Over objection the doctor testified the condition in the cervical area of the neck and shoulders was permanent. Here again the record reflects that his opinion was based only on his objective findings.

It is well established that a post-trial motion shall specifically set forth the grounds upon which it is based. Richman Chemical Co. v. Lowenthal, supra. Here the ground specified was that the doctors were permitted to testify to history and subjective symptoms and base opinions in whole or in part thereon. The record does not bear out this contention.

■ It is next contended that the court erred in striking impeaching answers of the defendant Kirby adduced on cross-examination by counsel for defendant Thomas. In urging this contention counsel for defendant in their brief misquote the record. The defendant Kirby testified on his own behalf and on direct examination he testified as follows:

"Q. Prior to nearing the intersection, back some distance, a half a mile or so, approximately what speed were you traveling, sir?

A. Approximately 50 to 55.

Q. Now, what, first what did you do, if anything, with reference to the operation of your automobile as you neared this intersection?

A. When I got 100 yards away, why, I took my foot off of the accelerator and slowed to 35 miles an hour.

14

Q. Did you apply your brakes or just take your foot off of the accelerator?

A. No, I just took my foot off of the accelerator and slowed down. It is a straight six car.

Q. Then what next occurred?

A. And then I, oh, approximately, I would say approximately 15, possibly, well, about 15 feet, right at the edge, or going into the intersection, I just seen this white flash and I automatically hit my brakes, and that is all.

Q. Do you have an opinion as to the speed that your automobile was traveling as it entered this intersection?

A. Around 30 to 35 miles per hour."

On cross examination Kirby was asked about several questions asked and answers given in a discovery deposition. No objection was made to these questions and answers. Following the foregoing counsel then proceeded with cross examination and the following is shown by the record:

"Q. I will ask you whether or not at the same time you weren't asked these questions and didn't give this answer, 'Question—About what speed were you traveling as you approached the intersection? Answer—As I approached the intersection I was running anywhere from 50 to 55 miles per hour and as I neared the intersection I slowed down to 35 miles per hour, in other words, I was only running 35 miles per hour when I entered the intersection,' did you give that answer to that question?

A. That is right.

15

MR. SLATER: I believe I will have to object.

THE COURT: Sustained. That is exactly what he testified about, there is nothing impeaching about that.

MR. WOLLRAB: I agree with that.

THE COURT: Then let's not waste time on that. You can only ask him these questions for the purpose of impeachment, that is the only right you have in that regard, and if his testimony is the same as it appears in there you have no right to waste the Jury's or the Court's time. Proceed now on that basis.

BY MR. WOLLRAB:

Q. And was the next question asked you, 'Question—Was that the speed that you were traveling at the time of the accident? Answer— Yes,' you gave that answer to that question at that time, is that right?

A. Yes.

Q. As a matter of fact, the accident was in the middle of the intersection, wasn't it?

THE COURT: Are you through with that deposition now?

MR. WOLLRAB: I don't know, I don't know what his future testimony will be.

THE COURT: So far as these questions are concerned, they may be stricken, all of the answers may be stricken because the Jury has heard the same testimony, it doesn't tend to impeach the witness in any way, so that may be stricken. Proceed."

16

From the examination of the record, it is obvious to us that the ruling of the court as last noted was limited to the two questions and answers that immediately precede the ruling. The testimony of Kirby on his discovery deposition does not vary with his testimony on direct examination and therefore was not impeaching. The ruling of the court was correct.

██ Finally, counsel for defendant contend that the verdict was excessive. In this connection they call attention to the fact that the hospital and doctor bills introduced in evidence total only $1,295.80. This fact is not necessarily controlling. Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63. As might be expected, counsel in their brief have sought to minimize plaintiff's injuries. Suffice it to say that the record, when considered as a whole, will not sustain any such contention. Plaintiff was seriously injured. We have previously set out a portion of the record concerning these injuries. At the time of the trial, almost 1½ years after the occurrence, she was still suffering from the effects of the occurrence. Although employed at the time of the occurrence, she had not been physically able to resume her employment. Future treatment was anticipated. We find that the jury's verdict is supported by convincing evidence.

Accordingly the judgment of the Circuit Court of McLean County will be affirmed.

Affirmed.

REYNOLDS, P. J. and CARROLL, J., concur.