90 Ill. App.2d 245 (1967)
233 N.E.2d 61
The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner-Appellee,
v.
Dominic John Todaro, Geneva Todar, Alton Banking & Trust Company, Donald J. Anderson, Helen D. Anderson, Germania Savings and Loan Association, Ervin Thomas Fichtel, et al., Galloway Outdoor Advertising Co., a Corporation, Chester Dairy Company, a Corporation, and Conrad Hass, d/b/a Hass, Garage, Defendants-Appellants.
Gen. No. 67-45.
Illinois Appellate Court  Fifth District.
December 21, 1967.
*246 Chapman, Strawn & Kinder, of Granite City, for appellants.
John W. Hoefert, Special Assistant Attorney General of the State of Illinois, of Alton, for appellee.
EBERSPACHER, P.J.
This is a condemnation action brought by the Department of Public Works and Buildings of the State of Illinois against numerous defendants, including the appellants herein, Donald J. Anderson and Helen D. Anderson. The jury returned a verdict in the amount of $1,250 in behalf of the defendants-appellants upon which the court entered the judgment from which this appeal is taken.
The condemnation proceedings were instituted in order to secure the necessary real estate for a project known as the Milton Road improvement in Alton, Illinois. The petition for condemnation was filed November 22, 1965. The defendants, Donald J. Anderson and Helen D. Anderson, filed a cross-petition for damages to land not taken and the trial commenced on September 22, 1966. The property sought to be obtained from the Andersons is a strip 8 1/2 feet wide and 100 feet long on the east side of their property. It further sought to obtain two temporary construction easements, one 10 feet by 10 feet and the other 10 feet by 22 feet. The Anderson property consists of two improved lots. The first lot is improved with a *247 brick structure. The structure consisted of two three-room apartments on the second floor, the defendants' six-room residence on the ground floor and a basement apartment. The second lot is improved with a brick structure containing six one-room efficiency apartments. The testimony concerning the value of the lots on November 22, 1965, ranged from $74,843 to $77,500. Two expert witnesses for the State each valued the property at $77,000 while the two witnesses for the defendants valued the property at $74,843 and $77,500, respectively.
However there was considerable difference in the testimony concerning the diminution in the value of the properties as a result of the condemnation. The first witness for the State valued the strip taken by condemnation at $990 and the easements at $150. The other State witness valued the strip at $940. On the other hand the first witness for the defense testified that the value of the defendants' property would be diminished by $18,710. He valued the construction easements at $500. It appears that his testimony was based on his opinion that the property would be diminished 25% in value by reason of the taking. No specific value was placed on the strip itself. Likewise the second witness for the defendants, which it might be noted was the defendant, Donald J. Anderson, valued the diminution to his property at $18,050. Upon the testimony the jury returned a verdict of $1,250 for the taking and nothing for damages to the remainder.
The defendants urge in their appeal that the court erred in its failure to grant the defendants' motion for a new trial based on an alleged prejudicial newspaper article published during the trial; in its failure to strike the testimony of one of the State's witnesses; in one of its instructions to the jury; and its entry of judgment on the verdict which the defendant alleges is so inadequate as to indicate bias and prejudice on the part of the jury.
*248 We shall consider the defendants' contentions in the order stated. First, did the court err by not granting the defendants' motion for a new trial based upon the newspaper article published during the trial?
During the course of the trial the jury was taken, under supervision of the court, to view the defendants' premises. That evening an article and photograph appeared in the Alton Evening Telegraph, a newspaper of general circulation in the Alton area, concerning the condemnation proceeding. The article contains certain comments about the case made by the mayor of Alton which the defendants allege is prejudicial to the defendants.
The next day, prior to the resumption of the trial, a conference was held between court and counsel at which time counsel for the defendants called the court's attention to the newspaper article and asked the court to interrogate the jury as to whether any of them had read the article and if so to seek to determine what effect the article had on the individual jurors. The defendants' counsel further requested that after the court's inquiry that he be afforded the opportunity to again retire to chambers to make any motions that he deemed appropriate. The court granted the motion and from its interrogation, it was determined that four of the jurors had seen the picture and article, but three of the four had only looked at the picture but not read the article. The photograph depicted the jurors at the scene of the defendants' property viewing the premises. Only one of these four jurors stated to the court that she had read the article. That juror further informed the court that the article had made no impression on her and that it would not affect her in her deliberation. After concluding his interrogation of the jurors with reference to the newspaper article, the court inquired of both the petitioner's attorney and these defendants' attorney as to whether either of them would like to make further inquiries of the jurors; both positively stated they would not. The court then asked the defendants' *249 counsel if he would like to make any motion outside the presence of the jury to which counsel replied that he would not in view of the responses of the jury.
[1] In light of the above, there is no need to pass on whether the article was prejudicial to the defendants. Whatever error the court may have made was waived by the defendants. The error, if any, must be preserved by timely action in the trial court. Richman Chemical Co. v. Lowenthal, 16 Ill. App.2d 568, 149 NE2d 351 (1958).
[2] The defendants' second contention, that the court erred in failing to strike the testimony of one of the expert witnesses of the State because of his method of appraisal, is also without merit. Here again the defendants neither objected to testimony nor moved that the court strike the testimony. The defendants also failed to specify the alleged error in their post-trial motion which accordingly precludes the assignment of error for the first time on review. Richman Chemical Co. v. Lowenthal, supra. Chapter 110, section 68.1(2), Ill Rev Stats 1965.
The defendants' third allegation of error concerns the giving of petitioner's Instruction No. 10, (IPI 300.49). The instruction provided:
"In determining the fair cash market value of the remainder after the taking, you may consider any benefits or detriments from the proposed public use, proved by the evidence, which increase or decrease the fair cash market value of the remainder."
The basis of the defendants' objection is that no evidence was offered upon which the jury could find that a benefit resulted to the defendants' property from the proposed public use.
[3] It is our opinion that the evidence shows a real and substantial benefit to the defendants, and not a chimerical or speculative one. The Milton Road improvement for which the defendants' property was needed consisted of widening the road from 18 feet to 44 feet with *250 placement of curbs and a sidewalk in front of the defendants' premises. The evidence further shows that at the present time there is an open ditch in front of the defendants' premises and the walkway leading from their apartments leads into the open ditch. We believe that this increased accessibility was a proper consideration bearing upon the question of damage and benefit to the defendants' property. Cuneo v. City of Chicago, 400 Ill. 545, 81 NE2d 451 (1948).
[4, 5] The defendants' last allegation of error is that the award of the jury is so inadequate as to warrant a new trial. As stated previously, two witnesses testified for the State and two witnesses testified for the defendants on the question of value. The opinions varied from $940 to $18,710. The compensation awarded by the jury was $1,250 for the taking and nothing for damages to the remainder. As stated before, there was adequate evidence for the jury to find no damage to the remainder in light of the benefit to the defendants' property resulting from the improvement. The wide variance of value ascribed to the property is not unusual in condemnation cases. The award for compensation was within the limits of the testimony. Damages awarded by a jury in a condemnation proceeding will not be disturbed where the evidence is conflicting, the jury has viewed the premises, and the amount of compensation fixed is within the range of evidence, unless there appears to have been a clear and palpable mistake or the verdict was the result of passion or prejudice. Forest Preserve Dist. v. Galt, 412 Ill. 500, 107 NE2d 682 (1952). We do not find a clear and palpable mistake, or any evidence of passion or prejudice.
For the foregoing reasons the judgment of the Circuit Court of Madison County is affirmed.
Judgment affirmed.
GOLDENHERSH and MORAN, JJ., concur.