THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS OF THE STATE OF ILLINOIS, Petitioner-Appellant, *v.* JAMES C. MORSE *et al.,* Defendant-Appellees.

(No. 70-77;

Fifth District—January 6, 1971.

William J. Scott, Attorney General, of Springfield, (William P. Ryan, Assistant Attorney General, and Ronald C. Mottaz, Special Assistant Attorney General, of counsel,) for appellant.

Nick D. Vasileff, of Madison, for appellees.

PER CURIAM:

The Department of Public Works and Buildings of the State of Illinois brought action to condemn a strip of land across two tracts owned by defendants. The purpose of the condemnation was to widen an existing highway. At the trial the following expert testimony as to value of the real estate involved was received into evidence:

|  | For the Petitioner | | For the Defendant | Jury |
|---|---|---|---|---|
| Witness: | Blacklock | Oller | Thebus | |
| Tract 407 (total) | $10,000.00 | $11,700.00 | $ 38,571.50 | |
| Parts taken 407A | $1,250.00 | $1,020.00 | $ 7,570.78 | $ 6,361.60 |
| 407B | 150.00 | 175.00 | 5,280.80 | 4,198.40 |
| Damage to land not taken | 1,000.00 | 1,200.00 | 36,141.83 | 5,000.00 |
| Tract 406 (total) | 60,000.00 | 76,000.00 | 128,381.60 | |
| Parts taken 406A | 1,000.00 | 994.00 | 2,805.92 | 1,902.08 |
| 406B | 60.00 | 90.00 | 2,198.10 | 1,635.84 |
| Damage to land not taken | 0.00 | 0.00 | 79,123.67 | 1,500.00 |
| | $3,460.00 | $3,479.00 | $133,121.10 | $20,597.92 |

■■ Petitioner objected to the court's giving defendants' instruction A, "In respect of Tract 407 the State has admitted in the record that the taking of Parcels 407A and B will cause damage to the remainder of the tract not taken", on the grounds that it is repetitious and thus places undue emphasis on an admission of petitioner. "The mere fact that the court re-states the law or repeats issues or theories in several instructions does not necessarily mean that the court erroneously emphasizes any point in favor of either litigant. However, where by reason of repetitious instructions undue prominence or emphasis is given to particular matters, such instructions are improper." (35 I.L.P., Sec. 199.) We do not believe that this instruction was prejudicial to petitioner. It clearly refers to an admission of only one pertinent element of the case, an uncontested fact, and was unlikely to mislead the jury as to any theory or application of law.

■■ Petitioner's second objection was to defendant's instruction B: "You

are instructed that there is no evidence in this case which under the law would warrant you in fixing the respective values of parcels 406B and 407B at any lesser rate or standard than you employ in fixing the respective values of parcels 406A and 407A; and you must not, therefore, employ a lower rate or standard for the so-called 'B' parcels than you do for the so-called 'A' parcels." The record contains ample evidence from which different valuation rates could be derived and determination thereof was the province of the jury. (*Department of Public Works & Buildings v. Lewis*, 344 Ill. 253.) The instruction was thus in error. From the verdict (which figures to an award of $2.56 per square foot for each of the four parcels) it can reasonably be assumed that defendant's instruction B improperly influenced the jury, and it should not have been given. *Shea v. La Cost*, 16 Ill.App.2d 454, 148 N.E.2d 484.

■■ Petitioner further objected to the court's admitting evidence of sales of comparable properties made six and ten months subsequent to the filing of the petition. These properties were not touched by the condemnation, and due to their commercial nature (one was a gasoline service station and the other a restaurant) their values were undoubtedly increased by the proposed construction and improvement of the adjacent highway. Defendants cited *City of Chicago v. Harbecke* (1951), 409 Ill. 425 and *Forest Preserve District of Cook County v. Wing* (1922), 305 Ill. 194 as authority for admitting the evidence of comparable sales. However, these cases involve only the issue of dissimilarity of property; there is no indication of whether the sales were made before or after condemnation proceedings. The petitioner relies on *City of Chicago v. Blanton*, 15 Ill.2d 198 and *Department of Public Works & Buildings v. Finks*, 10 Ill.2d 15, in which the Supreme Court held, "an offer of purchase received subsequent to the filing of the condemnation petition was inadmissible as proof of value." Considering a similar factual situation, the Appellate Court for the First District interpreted these cases as follows:

"Such cases do not lay down any general rule * * * that sales of property made after the filing of the petition are rendered dissimilar as a matter of law merely because of the date of the sale. However, such cases are authority for the proposition that such later sales to be considered similar, the party proposing them ought to be required to show that such later value was unaffected by the condemnation proceeding or the result thereof.
* * *

The error in considering the sale was prejudicial." *Trustees of Schools v. Chicago City Bank*, 126 Ill.App.2d 302 (1970).

The admission of evidence of comparable sales in the present case, without further qualification, was prejudicial error.

■■ Plaintiff also urges that the trial court erred in striking the testimony of its witness, Harter, a civil engineer with the Illinois Division of Highways, regarding benefits to the remainder of defendants' property caused by the construction and improvement. The general rule in Illinois is: "Benefits resulting from the construction of proposed improvements are admissible to reduce or offset damages to land not taken." (*Department of Public Works & Buildings v. Barton*, 371 Ill. 11.) That is, benefits to land not taken may be admitted into evidence to offset damages to that land. But benefits to land not taken, in the absence of some accompanying damage to that land, may not be used to offset payments to the property owner for other land which was taken. As applied to the instant case, if defendants were unable to prove any damages to the remainder of their property, the petitioner would not be allowed to deduct any accompanying benefits to that remainder occasioned by the taking, from the just compensation which would be owing to defendants on account of that taking. (*Kane v. City of Chicago*, 392 Ill. 172; *Department of Public Works &Buildings v. Barton*, 371 Ill. 11; *Cuneo v. City of Chicago*, 400 Ill. 545; *Department of Public Works & Buildings v. Todaro*, 90 Ill.App.2d 245.) Since in the instant case defendant cross-petitioned, charging damage to the remainder, petitioner should be allowed to introduce evidence of benefits to that remainder to offset the damages which may be awarded in the cross-petition. The trial court erred in refusing the evidence of benefits.

Petitioner next contends that the court erred in refusing to adopt his proposed instruction No. 16, I.P.I. 300.51:

"The law does not permit an award of damages for the loss or reduction of traffic which may result from the installation of a median or divided strip, and you should not consider this factor in determining damages to the remainder."

I.P.I. Committee notes on use:

"This instruction should be given, if requested by the petitioner, whenever the jurors may have learned that the flow of traffic will be diminished by a median strip or a one-way traffic regulation. The instruction is especially appropriate where the property is devoted to a business use and the jury, in the absence of the instruction, would be likely to consider the question of lost business profits."

I.P.I. Official comment:

"Evidence of reduced value on account of a median strip is inadmissible. Department of Public Works & Bldgs. v. Mabee, 2 Ill.2d 202

(1961) but the jurors will frequently learn of the divider or traffic regulation from other testimony in the case, from the construction plans or from their view of the premises. This instruction is a safeguard against the improper allowance of damages based on this factor of reduced traffic.

Diminution of traffic must, of course, be distinguished from deprivation or material impairment of access, which is compensable. *Department of Public Works & Bldgs, v. Wolf* (1953), 414 Ill. 386; *Department of Public Works & Bldgs. v. Mabee, supra.*"

■■■ In the instant case, the jury heard evidence both of the construction of a proposed median in the highway and of an unmountable barrier to separate the new Circle Drive from defendants' parking lot. From the above quoted material, it is evident that any loss of business occasioned by defendants owing to the median on the highway is not compensable. Failure to give this instruction was error.

■■ However, the unmountable barrier separating Circle Drive from defendants' parking lot, according to the evidence, would substantially impair the ingress and egress of tractor-trailers which were necessary to defendants in the maintenance of inventory. Damages occasioned by the defendants on account of the unmountable barrier would, therefore, be compensable and an instruction to that effect would have been proper.

Petitioner's argument that the court erred in refusing to strike the testimony of defendants' witness Thebus, is without merit.

For the foregoing reasons the judgment of the trial court is reversed and this case is remanded for a new trial.

Reversed and remanded.