MARY JANE WELCH et al., Plaintiffs-Appellants, v. PEORIA CITY LINES, INC., Defendant-Appellee.

(No. 70-141;

Third District—September 30, 1971.

Elmo E. Koos, of Peoria, for appellants.

John E. Cassidy, Jr., of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This action was brought by plaintiffs, husband and wife, for damages suffered by them as the result of an accident that occurred on April 3, 1965. Suit was against the Peoria City Lines, Inc., the operator of a bus line in that city. Trial by jury resulted in a verdict of not guilty.

Plaintiffs appeal contending that the verdict was against the manifest weight of the evidence and that the trial court erred in refusing to give certain instructions of the plaintiffs and in giving certain instructions on behalf of the defendant.

The incident involved a collision between plaintiffs' automobile and one driven by a third person and it is conceded that defendant's bus was not involved in the collision of the vehicles. Plaintiffs contend that the operation of the bus by defendant's agent did nevertheless contribute to the accident.

On the date in question defendant's bus was traveling east on Fourth Street in the city of Peoria and stopped at or near a stop sign at a point where Fourth Street intersects with Sheridan Road. At the intersection Sheridan is a preferential road and traffic on Fourth is required to yield the right of way to traffic on Sheridan. Plaintiff Henry L. Welch, with his wife Mary Jane Welch as a passenger, was driving his automobile in a southerly direction and as he approached Fourth Street he brought his automobile to a stop. His vehicle was immediately thereafter struck in the rear by another automobile. Plaintiffs testified that as they approached the intersection the defendant's bus pulled into the intersection, causing the abrupt stop, at which time they were struck in the rear and their car pushed ahead into the right side of the bus. A third witness, who was not involved in the incident, testified and substantiated the story of the plaintiffs.

Defendant's driver was the only occurrence witness testifying on behalf of the defendant. He testified he stopped at the stop sign and was picking up passengers and that he did not move his vehicle after stopping until several minutes after the accident occurred, that the accident occurred directly in front of him and plaintiffs' vehicle was pushed down Sheridan Road, past the front of his vehicle, and the offending third vehicle was stopped directly in front of him. He further testified he was required to wait for several minutes until the offending vehicle was

moved and he was then able to drive around it and proceed up Sheridan Road.

The testimony is brief and conflicting and plaintiffs' major contention is that the testimony of the bus driver was effectively impeached and therefore this court should conclude that no reasonable, creditable evidence existed to substantiate the defendant's claim. The alleged impeachment of defendant's only witness to the accident came as the result of the introduction of an extra-judicial statement taken from the driver some months after the accident. The witness was examined by counsel for plaintiffs as to portions of the statement and counsel for the defendant then read the statement in its entirety to the jury.

■■ We have carefully examined the extra-judicial statement and the testimony of the witnesses, both for plaintiffs and defendant, and are unable to say that there is sufficient here to justify a reversal on the grounds that the verdict is against the manifest weight of the evidence. The verdict must be clearly against the preponderance of the evidence. (*Hocker v. O'Klock*, 24 Ill.App.2d 259, 164 N.E.2d 225.) There the court said:

> "The principles governing the analysis of the evidence have been often repeated and are well established. The verdict must be clearly against the preponderance of the evidence and it is the duty of the Appellate Court not to reverse a verdict on disputed questions of fact   *   *   *   When the opposite conclusion to that reached by the jury is not clearly evident, the jury's verdict should not be disturbed   *   *   *   and some courts have even stated that the necessity of an opposite conclusion must appear from the evidence   *   *   *."

The court further stated:

> "The question of fact raised by the proof need only be a fair one   *   *   *   or as summarized in one decision, the word 'manifest' means 'clearly evident, clear, plain, indisputable'   *   *   *."

In the light of these principles we cannot under the facts in this case hold that the verdict of the jury was against the manifest weight of evidence.

The plaintiffs next complain that the court erred in refusing certain instructions submitted by the plaintiffs and in giving certain instructions of the defendant. Plaintiffs have failed to abstract all of the instructions given in the case and have abstracted only those instructions to which objection is made, and have failed to abstract the conference on instructions. In their reply brief appellants contend that Supreme Court Rule 342(e)(5) requires the appellee to file an additional abstract and that the failure of the appellee to provide such additional abstract constitutes a waiver by the appellee of any defects, citing *Pastore v. Sasso*, 317

Ill.App. 538, 46 N.E.2d 857; *Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68, 256 N.E.2d 71; *Etkeson v. Dunaway*, 337 Ill.App. 664, 86 N.E.2d 402. In the *Pastore* case, printed in abstract, the insufficiencies of the abstract were supplied by appellee and appellee's motion to dismiss the appeal had been denied. In any event the case was affirmed. The *Denenberg* case involves a dismissal of an appeal because of failure to file an abstract or excerpts. The *Etkeson* case is printed in abstract only. Head note indicates an appeal would not be dismissed for purely technical deficiencies in abstract where such deficiencies could be remedied by filing of an additional abstract.

■■ The cases cited by appellants are not controlling in that they do not stand for the proposition put by appellants. It is noted that appellants' abstract fails in many respects to conform with the rules of the Supreme Court. Many of the deficiencies were supplied by appellee, including the complaint, the post-trial motion and the notice of appeal. In *Backlund v. Thomas*, 40 Ill.App.2d 8, 189 N.E.2d 682, the court stated:

"We approach a consideration of the errors relied upon for reversal in the light of the oft announced rule that a court of review is not required to go to the record to reverse although it will search the record, regardless of the abstract, to affirm."

There the court refused to consider plaintiff's objection to the giving or refusal of instructions by the lower court on the grounds that the abstract did not contain the conference on instructions.

In *Dempski v. Dempski*, 27 Ill.2d 69, 187 N.E.2d 734, the court said:

"Courts of review in this jurisdiction have repeatedly held that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions are set out in the abstract."

In that case only the instructions in dispute were abstracted and the cases are not distinguishable in any manner. It is fundamental that a court on review cannot ascertain if a jury was properly instructed unless all of the instructions are presented to the reviewing court.

For the reasons stated herein the judgment of the lower court is affirmed.

ALLOY, P. J., and STOUDER, J., concur.