Alfred Kruse, by Homer English, his next friend, Ap-pellant, v. Elmo J. Rhodus, Appellee.

**Gen. No. 9,627.**

Opinion filed February 28, 1949. Released for publication March 28, 1949.

HOMER ENGLISH, of Bloomington, for appellant.

LOREN B. LEWIS, of Bloomington, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an appeal from a judgment for costs in favor of defendant appellee, Elmo J. Rhodus, against plaintiff appellant, Alfred Kruse, a minor, in an action to recover the sum of $500.

As the case was originally instituted in a justice of the peace court, no pleadings are available, but the contentions of the parties are as follows: Plaintiff claims that while he was a minor, age 19, he paid to defendant $500 of his own money as a down payment on an automobile, that he attempted to rescind the contract shortly thereafter and returned the car and that defendant suffered no loss. Defendant claims that the automobile was bought by plaintiff's mother. No serious dispute as to the law regarding minors seems to be involved, but only a question of fact based upon a preponderance of the evidence. The case was tried before the court, jury having been waived, followed by a finding and judgment for defendant. The issue is as to whether plaintiff or his mother bought the car.

The plaintiff, Alfred Kruse, testified that he was 20 years of age at the time of trial; that on July 10 or 12, 1947, he picked out a 1942 Oldsmobile on the car lot of defendant; that he was told his mother would have to sign for it; that with his own money he obtained a draft for $500; that he kept the car about three days and because it was defective returned it to defendant and asked for his money back, followed by a written demand from his attorney. On cross examination he stated that he never gave his mother the cashier's check of $500 and indorsed it in defendant's place of business. This draft or cashier's check was made payable to plaintiff and indorsed by him. He further stated that his mother, Mrs. Fay Kruse, was present when defendant's Exhibits A, B, and C were made out and he saw her sign the same.

Defendant Rhodus testified that on July 12 or 13, 1947, plaintiff was at his car lot, was interested in a car, and was told by defendant that he could not sell a car to a minor; that on July 14, 1947, plaintiff and his mother returned; that the mother, Mrs. Kruse, gave him the draft or check for $500, not indorsed in his presence, and signed defendant's Exhibits A, B, and C. Defendant's Exhibit A is styled "Used Car Contract," is signed by Mrs. Fay Kruse, and orders a 1942 Oldsmobile car for a price of $1,422, and there is indicated a down payment of $500, leaving a balance of $922.90. Exhibit B is a conditional sales contract in the usual form wherein Mrs. Fay Kruse, upon making a down payment of $500 and additional payments of $922.90, agrees to buy the car in question. Attached thereto is a promissory note in the sum of $1,163.60, payable to a finance company and signed by Mrs. Fay Kruse. Exhibit C is a purchaser's statement signed by Mrs. Fay Kruse for the benefit of defendant for the purpose of extending credit to her.

Darwin Harvey, a witness for defendant, testified that he was a salesman for defendant; that plaintiff was on the car lot several days before the transaction in question; that he told defendant, as a minor, he would have to have the car bought by his mother; that three days later he returned with his mother and was referred by witness to defendant; that Mrs. Kruse gave the $500 to defendant and signed defendant's Exhibits A, B, and C, in his presence.

In rebuttal, Mrs. Fay Kruse, plaintiff's mother, testified that she never had in her hand the payment of $500; that she signed defendant's Exhibits A, B, and C; that she did not purchase the car; that she read Exhibit A before she signed it; that she read Exhibit C; that she furnished the name of her sister, Ella Darnall, of Minier, Illinois, and furnished the information that she had done credit business with Sears-Roebuck and Leath's Furniture, and that Corn Belt

Bank was her bank; that she gave her age as 47, stated she was married and that all this information was on Exhibit C before she signed it. It is noted that most of the information in Exhibit C was probably known only by her.

Darwin Harvey, recalled, testified that after the return of the Oldsmobile he resold the car to another person for $1,395; that the Central Finance Company repossessed the car from Mrs. Kruse, when she refused to make the payments and refused to assign the title and defendant bought the car for about $1,150.

■ Before considering the preponderance of the evidence, it is first noted that appellant failed to abstract defendant's Exhibits A, B, and C, which materially affect the issues. He also erroneously abstracted the testimony of Darwin Harvey to read: "He wasn't of age so I told him he would have to have his mother *drive* the car." (Abst., p. 8.) The report of proceedings, at p. 43, shows that the actual statement was: "Well, he wasn't of age and I told him he would have to have the car *bought* by his mother, that the car would have to be *sold* to her." Inasmuch as the sole issue in the case relates to the preponderance of evidence, the testimony of the witness Harvey and the contents of Exhibits A, B, and C were very material and should have been fully and fairly abstracted. A duty rests upon the party prosecuting an appeal to include the evidence essential to the disposition of the contention urged. It is not the duty of the successful litigant to supply deficiencies in appellant's record. (*People v. New York Central R. Co.*, 388 Ill. 382.) It is an imposition on this court to be forced to have recourse to the report of proceedings for information as to the correctness of material testimony either excluded or incorrectly shown in the abstract. Appellee might have moved to have the abstract stricken but elected instead to furnish an additional abstract show-

ing the substance of these exhibits and the correct statement of the witness Harvey.

A careful study of the testimony indicates conclusively that plaintiff sought to buy a car, that his request was rejected, and he and his mother were both informed that if a car were bought she must be the purchaser. Exhibits A, B, and C confirm the testimony that Mrs. Fay Kruse was the purchaser, and not her son, the plaintiff.

The trial court correctly found that Mrs. Fay Kruse was the purchaser of the car, hence the contract could not be rescinded by the plaintiff.

The judgment of the circuit court is affirmed, with costs including that of the additional abstract of the record assessed against plaintiff appellant.

*Judgment affirmed.*