HAZDRA HOMES, INC., Plaintiff and Counterdefendant-Appellant, *v.* PETER B. ONDRAK *et al.,* Defendants and Counterplaintiffs-Appellees.

(No. 57961; )

First District (2nd Division)—October 2, 1973.

Harold I. Levine, of Chicago, for appellant.

James M. Tourek, of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This action was brought by plaintiff Hazdra Homes, Inc. (hereinafter Hazdra) against defendants Ondrak to recover the balance of $2,054.73 due on a promissory note. Defendants filed a counterclaim, and after a bench trial, the court entered judgment against Hazdra on its complaint, and in favor of the Ondraks on their counterclaim. On appeal Hazdra argues that: (1) the evidence supports a finding on its complaint; (2) no competent evidence was introduced to support a judgment on the counterclaim; and (3) the trial judge was prejudiced against Hazdra.

On April 29, 1967, the Ondraks entered into a contract with Hazdra for the purchase of a lot and the construction of a home at 1101 Candlewood Drive in Downers Grove, Illinois. The contract price was originally $41,500, but "extras" added to the house increased the final price to $47,500.

The Ondraks moved into the home before construction was completed and prior to the closing. On February 12, 1968, the closing took place,

and a $3,913.90 promissory note was given to Hazdra for the balance of the contract price. By June of 1968 only $2,054.73 remained to be paid on the note. The Ondraks declined to make further payments when Hazdra refused to remedy defects in the construction of the house. Some of the construction defects shown at trial were: (1) water leakage through the basement foundation; (2) flooding in the basement and basement window wells; (3) heavy cracking in the basement foundation walls; (4) fissures in the garage walls and floor (one of which grew to a width of approximately one and one-half inches); and (5) leakage from the garage roof.

The Ondraks' expert witness, Paul Cassidy, inspected the premises and conducted tests to determine the cause of the defective foundation and the costs of remedying the situation. He concluded, *inter alia*, that drain tile had not been installed along the foundation of the house. Another witness, Robert Hazdra (who was not associated with plaintiff corporation at time of trial) testified as to the cost of removing and replacing the leaking garage roof.

■■ Hazdra's contentions are allegedly based on the evidence presented at trial, and can only be considered by reference to the record in this case. Therefore, Hazdra had a duty to file an abstract of record sufficient to present all facts necessary to decide the questions of fact raised. All material testimony of witnesses and proceedings at trial should have been fully and fairly abstracted. A duty rests on the party prosecuting the appeal to correctly and fairly provide this court with the actual substance of testimony. (*Hession v. Liberty Asphalt Products, Inc.*, 93 Ill.App.2d 65, 235 N.E.2d 17.) We find that Hazdra has not fulfilled this duty.

The arguments propounded by Hazdra are based on facts as set forth in its abstract. Upon our reading of the abstract and the report of proceedings, we have concluded that the abstract incorrectly relates testimony, misrepresents testimony and proceedings at trial and omits unfavorable material testimony. In response to Hazdra's contention that the Ondraks could have filed an additional abstract correcting any errors, we reiterate a well-established principle of this court that it is not the duty of a successful litigant to correct deficiencies in an appellant's abstract. (*Kruse v. Rhodus*, 336 Ill.App. 537, 84 N.E.2d 688; *Blowitz v. Blowitz*, 75 Ill.App.2d 386, 221 N.E.2d 160.) Hazdra also asserts that any errors in its abstract are mere inadvertent errors. Upon our discovery of the enormous number of material omissions and misrepresentations of facts unfavorable to Hazdra, we must conclude that the abstract is not the product of "mere inadvertent" errors.

Examples of the distortions of the record relied upon by Hazdra reveal

the gross deficiency of the abstract. One of Hazdra's principle contentions is that Cassidy was not qualified as an expert witness, and that he did not conduct tests at the Ondrak home. In support of this, the abstract relates that Cassidy could not give a "mathematical computation" of the number of foundation repair jobs he had done in the past year; the record indicates, on the other hand, that he was then asked to approximate, and that he answered that the number was "over a thousand." The abstract repeatedly relates that Cassidy found drainage pipes in the window wells and in the sump pump pit, but conveniently omits testimony that these pipes were not connected to the sump pump. The abstract relates Cassidy's estimated cost of repair in the basement area, but omits that this estimate was prepared as a bid. The abstract relates that Cassidy observed a crack in the garage retaining wall, but omits that the wall was sinking and moving. The abstract incorrectly indicates that upon later inspection by Cassidy this separation was one-fourth inch; the record reveals that the separation had widened to one or one and one-fourth inches. Hazdra attempts to discredit Cassidy's testimony by showing that on cross-examination he testified that he made no tests, and that he did not know where the tests were made; his actual testimony was that he himself did not perform the tests, but that he was present and supervised the work, and that he could not remember the exact points at which his men drilled without referring to his notes.

The abstract submitted by Hazdra also omits and misrepresents the material testimony of the other witnesses at trial. Robert Hazdra testified for the Ondraks that he removed and replaced their leaking garage roof. Based on its abstract, Hazdra argues that the court allowed testimony as to other work done by this witness. The record clearly indicates that the court was interested only in the cost of removing and replacing the old roof. The abstract indicates that a fair and reasonable charge for this work would be less than Hazdra's charge in this case; the record reveals that Hazdra testified that his charge was in fact less than a fair and reasonable charge for the work.

The abstract indicates that Ott Wilson, Hazdra's expert witness, testified that he conducted no tests to determine if the garage wall would continue to move. We do not consider this to be a fair representation of the substance of Wilson's testimony. The record reveals that Wilson testified that, from the photographs shown to him, he could see that the crack had increased in size, and that the wall was moving. The abstract also relates that Wilson made his inspection of the premises during regular working hours, and that based upon this inspection, patch work would prevent further leakage. Here again, the abstract misrepresents the substance of the testimony by omitting the material facts that Wilson based

his testimony upon his observation of the exterior of the house, and that he was never in the basement of the house.

The abstracted testimony of Michael Asta, another Hazdra witness, also omits material testimony. Asta testified to supervising the installation of drain tile on the outside of the house. The abstract omits the fact that this witness testified only regarding his knowledge of drain tile on the north side of the house, and not to the existence of tile on the south and west sides where Cassidy conducted his tests. In addition, the abstract relates that he observed no cracks in the driveway, but omits his testimony that he last observed the driveway when he constructed it in 1968.

Finally the abstract states that George Hazdra personally saw drain tile around the foundation of the house; the record reveals that this witness never saw drain tile on the outside of the house, and merely observed drain pipes in the sump pump pit. In addition, the abstract does not add that the witness admitted that the pipes were not connected to the sump pump.

■■ Hazdra's argument of prejudice of the trial judge is likewise unsubstantiated by the record; Hazdra merely relies on incomplete statements and statements taken out of context to support this allegation. The trial judge heard all the evidence, weighed the testimony of the expert witnesses and made findings of fact based upon that evidence. Therefore, Hazdra's contentions, based solely upon distortions of the record, are totally without merit. The judgment of the trial court is affirmed.

Judgment affirmed.

LEIGHTON and DOWNING, JJ., concur.